GEORGE RILEY (S.B. #118304)
griley@omm.com
MARK E. MILLER (S.B. #130200)
markmiller@omm.com
DAVID R. EBERHART (S.B. #195474)
deberhart@omm.com
ELYSA Q. WAN (S.B. #297806)
ewan@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California  94111-3823
Telephone:      (415) 984-8700
Facsimile:      (415) 984-8701

Susan D. Roeder (S.B. #160897)
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, CA 94025-7019

Carolyn S. Wall (*pro hac vice*)
O'MELVENY & MYERS LLP
Times Square Tower, 7 Times Square
New York, New York 10036

*Attorneys for Plaintiff*
*24/7 Customer, Inc.*

Karen I. Boyd (State Bar No. 189808)
boyd@turnerboyd.com
Louis L. Wai (State Bar No. 295089)
wai@turnerboyd.com
TURNER BOYD LLP
702 Marshall Street, Suite 640
Redwood City, California 94063
Telephone:  (650) 521-5930
Facsimile:  (650) 521-5931

J. Michael Huget (admitted *pro hac vice* )
mhuget@honigman.com
Charles W. Duncan, Jr. (admitted *pro hac vice* )
cduncan@honigman.com
Sarah E. Waidelich (admitted *pro hac vice* )
swaidelich@honigman.com
HONIGMAN  MILLER  SCHWARTZ  AND  COHN
LLP
315 E. Eisenhower Parkway, Suite 100
Ann Arbor, MI 48108-3330
Telephone: (734) 418-4200

*Attorneys for Defendant*
*LIVEPERSON, INC.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| 24/7 Customer, Inc., <br><br>      Plaintiff, <br><br>   v. <br><br> LivePerson, Inc., <br><br>      Defendant. | Case No. 3:15-CV-02897-JST <br><br> ~~[PROPOSED]~~ **STIPULATED ELECTRONIC DISCOVERY ORDER** |

**[PROPOSED]** STIPULATED ELECTRONIC DISCOVERY ORDER

1.     This Stipulated Electronic Discovery Order ("Order") specifies the form in which both parties and non-parties shall be required to produce documents, including any Electronic Stored Information ("ESI"), for use in this Action.

2.     This Order may be modified by agreement of the parties or upon further order of the Court.

3.     The production of Documents in a manner consistent with the specifications set forth in this Order shall be, absent exceptional circumstances, sufficient to satisfy a Producing Party's obligation to produce its materials in reasonably useable form and as they are maintained in the ordinary course of business.

4.     A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5.     Except as expressly stated, nothing in this Order affects the parties' discovery obligations under the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, or this Court's Rules (the "Rules").

6.     Except as expressly stated, nothing in this Order affects the parties' rights and obligations under the parties' Stipulated Protective Order in this case, including but not limited to (1) the parties' rights and obligations as to the inadvertent production of privileged or otherwise protected material, including Documents within the scope of this Order, and (2) the parties' obligations with respect to preparing privilege logs.

**I.     Definitions.**

A.     "Document" means any document or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure and includes Hard Copy Documents and Electronic Files as those terms are defined in this Order.

B.     "Producing Party" means a party that produces Documents or other material in connection with the above-captioned litigation in response to document requests, compulsory process, or voluntarily.

C.   "Receiving Party" means a party that receives Documents or other material from a Producing Party in connection with the above-captioned litigation.

D.   "Hard Copy Document" means a document that is maintained in hard copy or paper form.

E.   "Electronic File" means a computer-generated file that is maintained in electronic form.  Electronic Files include, but are not limited to, email (e.g., .msg), spreadsheet files (e.g., .xls), slide presentation files (e.g., .ppt), word processing files (e.g., .doc), audio or visual files (e.g., .wav, .mpeg), image files (e.g., .pdf), and container files (e.g., .pst, .zip).

**II.   Production Format Specifications.**

A.   General Form of Production.  Except as provided in Section B, all Documents shall be produced as single-page, black and white, Group IV TIFF image files with the associated text and metadata specified in this Order.

1.   Image Requirements.  TIFF images files shall be of at least 300 dpi resolution.  The page orientation (i.e., portrait or landscape) of a TIFF image file shall be the same as the underlying document from which the TIFF image is created.  The page size of a TIFF image file shall be 8.5 x 11 inches unless, in the reasonable judgment of the Producing Party, a particular document requires a different page size.  Each TIFF image shall be branded with (a) a confidentiality stamp, if applicable, that signals any designation under the Protective Order in this Action; and (b) a Bates number that must: (1) be unique across the entire document production; (2) maintain a constant length of nine numeric digits (including 0-padding) across the entire production; (3) be sequential within a given document; and (4) include a prefix identifying the Producing Party.  As examples, the following Bates numbers would satisfy the requirements of this section:  LPI-000000001 or 247-000000001.  Each TIFF image file shall be named with the same page-level Bates number branded on the underlying image.

2.   Text Requirements.  All Documents shall be produced with a corresponding multipage text file (i.e., one text file per Electronic File or Hard Copy Document). The text file for an Electronic File shall be created by extracting text directly from the underlying

[PROPOSED] STIPULATED ELECTRONIC
DISCOVERY ORDER
3:15-CV-02897-JST

native file, unless the Electronic File must be redacted prior to production, in which case the text file shall be generated by applying industry standard OCR technology to the redacted version of the electronic file.  The text file for Hard Copy Documents shall also be created using industry-standard OCR technology.  Each text file shall be named with the beginning Bates number of the Document to which the text file relates.

        3.      Metadata Requirements.  Electronic Files shall be produced with metadata specified in Exhibit A to this Order.  Hard Copy Documents, including electronic files created by scanning paper documents, shall be produced with the metadata specified in Exhibit B to this Order.

        B.      Native Production.   Unless redactions are necessary, the following types of Electronic Files shall be produced in native format, whether they exist as attachments to e-mails, embedded files, or standalone files:  (1) spreadsheet files such as Excel and slide presentation files such as PowerPoint; (2) Microsoft Access files; and (3) audio or video files such as .wav or .mpeg files.  Moreover, any party or non-party may produce in native format any other document that it determines has not converted to a readable TIFF image, or that the party cannot convert to a TIFF image. If redactions of spreadsheet files, Access files, or slide presentation files are necessary, then the files may be produced in TIFF in accordance with Section II.A, provided that the files are TIFFed in a manner that will yield production of all non-privileged content including, for example, speaker notes, hidden rows and columns, and comments.   If the parties encounter audio or video files containing privileged content, the parties shall meet and confer to determine a suitable manner of producing the non-privileged content contained in those files.

        1.      Native Files Request.  A party that receives a Document produced in TIFF format may make a reasonable request to receive the Document in its native format, and upon receipt of a reasonable request, the Producing Party shall produce the Document in its native format.  Examples of where production of a native file would be reasonable are where the TIFF version omits material, substantive content included in the native file or where the TIFF version

[PROPOSED] STIPULATED ELECTRONIC
DISCOVERY ORDER
3:15-CV-02897-JST

1   suffers material, adverse formatting changes as a result of the conversion to TIFF, such as the loss

2   of meaningful color distinctions.

3            2.       Production Specifications For Native Files.  When producing an Electronic

4   File in native format pursuant to Section II.B, a Producing Party shall:

5                     i.       Provide a corresponding single-page TIFF placeholder stating

6   "Document Produced in Native."  The placeholder shall be branded with a Bates number meeting

7   the requirements of Section II.A.1.

8                     ii.      Name the produced version of the electronic file with the Bates

9   number affixed to the TIFF placeholder corresponding to the electronic file.

10                    iii.     Provide the text and metadata, including the original file name of

11  the underlying electronic file, required under Sections II.A.2 and II.A.3 of this Order.

12       C.       Hidden Text, Track Changes, and Speaker Notes.  All Word, PowerPoint, and

13  similar Documents that are produced in TIFF form and contain hidden text, track changes,

14  speaker notes, or other similar data shall be produced in form so that all data is visible in the TIFF

15  image.

16       D.       Family Relationships of Electronic Files.  Family relationships between Electronic

17  Files must be preserved by assigning sequential Bates numbers to all files within a family group,

18  and by providing accurate attachment ranges for those files in the metadata fields required by

19  Exhibit A.   When a family of Electronic Files contains both responsive and wholly non-

20  responsive members, the party may either produce the wholly non-responsive Document or

21  produce a placeholder TIFF image for the wholly non-responsive Document in lieu of producing

22  it.  For Documents withheld as non-responsive, the placeholder shall state:  "Family Member

23  Withheld as Non-Responsive."  Placeholder images shall also be branded with a Bates number

24  meeting the requirements of Section II.A.a.

25       E.       Branched Email Threads or Chains.  To the extent an email branches from an

26  original, responsive thread or chain, and results in a series of both responsive and wholly non-

27

28

[PROPOSED] STIPULATED ELECTRONIC
                                          DISCOVERY ORDER
                                          3:15-CV-02897-JST

responsive threads or chains, a party need not produce the wholly non-responsive threads or chains separately, or in addition to, the responsive email threads or chains.

F.      Hard Copy Documents.  The parties agree to use reasonable efforts to maintain the family relationships of Hard Copy Documents by scanning and Bates numbering those documents in sequential order.   This provision does not obligate any party to produce documents in a manner other than that in which those documents were kept in the ordinary course of business.

G.      Scanning and Unitization Requirements for Hard Copy Documents.   The parties agree to use reasonable efforts to ensure that Hard Copy Documents are logically unitized such that:  (1) multiple, distinct documents are not merged into a single document range; and (2) distinct documents are not split into multiple document ranges.

H.      Preservation of Metadata.  The parties shall use industry-standard technology and processes to ensure the metadata required to be produced for Electronic Files under Section II.A.c. of this Order is preserved during the collection, processing, and production of those files. However, the parties also acknowledge that in some circumstances it may be more efficient to collect Electronic Files informally, such as by making a simple electronic copy of a file discovered during the course of a witness interview.   Accordingly, a party may collect and produce a reasonable number of documents utilizing informal collection methods even though such collection method may alter certain aspects of those files' metadata as they exist at the time of collection (e.g., created date, file path).   If the original metadata of these files becomes of material importance during the course of the litigation, the parties shall meet and confer regarding how to address that issue and promptly raise any disputes that cannot be resolved with the Court. Nothing in this Order is intended to permit a party to convert a file that is normally maintained as an Electronic File to a Hard Copy Document for production in this litigation.

I.      De-duplication.   Any party need produce only a single copy of any unique Document.

1.      Any party may de-duplicate its ESI population vertically by custodian, or horizontally (i.e., "globally") across its custodians.

[PROPOSED] STIPULATED ELECTRONIC
DISCOVERY ORDER
3:15-CV-02897-JST

2.      ESI duplicates shall be identified using industry standard MD5 algorithm only to create and compare hash values for exact matches only.   Any other methodology contemplated for identification of duplicates must be discussed with the Receiving Party and approved in writing before implementation.   The hash value used for each Document as part of the de-duplication process shall be reflected in the HASH metadata field specified in Exhibit A.

J.      Placeholders for Wholly Privileged Family Members.  If a party wants to withhold a wholly privileged Document that is part of a family group containing responsive documents that are not wholly privileged, the party shall produce a placeholder TIFF image for the Document in lieu of producing it.   For Documents withheld as privileged, the placeholder shall state: "Document Withheld as Privileged."   Placeholder images shall also be branded with a Bates number meeting the requirements of Section II.A.a.

K.      Error Files.  If a responsive Document cannot be converted to TIFF without error due to corruption or some other issue, the Document shall be produced in native pursuant to the requirements of Section II.B.

L.      Production of Container Files.  The parties need not produce container files (e.g., .zip or .rar) so long as the responsive contents of those files are produced in accordance with the specifications of this Order.

**III.    Method of Production.**

A.      All productions of Documents shall be accompanied with data load files and image load files.  Each party shall provide data and image load files in standard Concordance format (i.e., DAT for metadata load files and OPT for image load files) using standard Concordance delimiters.

B.      The Producing Party may produce materials by electronic transmission, such as FTP or secure file transfer (e.g., Accellion).   A production by electronic transmission shall be considered complete when made available to the Receiving Party by electronic transmission. Alternatively, or in addition to production by electronic transmission, the Producing Party may produce materials on electronic storage media such as CDs, DVDs, or USB hard drives.   If

[PROPOSED] STIPULATED ELECTRONIC
DISCOVERY ORDER
3:15-CV-02897-JST

produced on electronic storage media, each piece of electronic storage media shall be assigned a sequential volume number that identifies the party to whom the volume is attributable (e.g., LPI001).

C.     A party shall accompany each production of Documents with a cover letter specifying:  (1) the volume or volumes comprising the production; and (2) the Bates range or ranges of the materials being provided on each volume and whether those Bates ranges contain any known gaps.

**IV.     Discovery of Electronic Correspondence**

A.     Requests for production made pursuant to Federal Rule of Civil Procedure 34 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email, parties must propound specific email production requests.

B.     Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

C.     Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances.

D.     Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe as set forth in the Guidelines.

E.     Each requesting party shall limit its email production requests to a total of six custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional custodians, upon showing a distinct need based on the size, complexity, and issues of this specific case. Cost-shifting may be considered as part of any such request. Moreover, where the Producing Party has failed to reasonably identify—through initial disclosures, interrogatory responses, or otherwise—the respective areas of knowledge its disclosed witnesses or email custodians, that is a factor weighing in favor of granting a contested request for additional custodians.

[PROPOSED] STIPULATED ELECTRONIC
DISCOVERY ORDER
3:15-CV-02897-JST

F.     Each requesting party shall limit its email production requests to a total of six search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave.  The Court shall consider contested requests for additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

Dated:  October 14, 2015          **O'MELVENY & MYERS**

By:     _/s/ **Mark E. Miller**_
        Mark E. Miller

Attorneys for Plaintiff
24/7 Customer, Inc.

Dated:  October 14, 2015          **TURNER BOYD LLP**

By:     _/s/ **Karen Boyd**_
        Karen Boyd

Attorneys for Defendant
LivePerson, Inc.

[PROPOSED] STIPULATED ELECTRONIC
DISCOVERY ORDER
3:15-CV-02897-JST

1  **ATTESTATION:**  Pursuant to Local Rule 5-1(i)(3) I hereby attest that concurrence in the filing

2  of this document has been obtained from Karen Boyd.

3

4                                                        By:     */s/ Mark E. Miller*
                                                                   Mark E. Miller
5

6

7

8                                    **[PROPOSED]** ORDER

9        The parties' stipulation is adopted and IT IS SO ORDERED.

10

11

12  Dated:   October 21, 2015                    By:

13                                                     ON. S
                                                     UNITE                      GE
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[PROPOSED]** STIPULATED ELECTRONIC
                                                      DISCOVERY ORDER
                                                      3:15-CV-02897-JST

1

## **EXHIBIT A**

2

3      The chart below describes the metadata fields to be produced in generic, commonly used
terms which the Producing Party must adapt to the specific types of Electronic Files it is
producing, to the extent such metadata fields are included in the original Electronic Documents

4      and can be customarily extracted as part of the electronic data discovery process. Any ambiguity
about a metadata field is to be discussed with the Receiving Party prior to processing and

5      production.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| Field Name | Description |
|---|---|
| PRODBEG | First Bates number of Electronic File or Hard Copy Document |
| PRODEND | Last Bates number of Electronic File or Hard Copy Documents |
| PRODBEGATT | First Bates number of the first page in a parent/child relationship |
| PRODENDATT | Last Bates number of the last page in a parent/child relationship |
| ATTACH_COUNT | Number of attachments to an email or loose e-file with extracted children |
| PRODVOL | Name of production volume on which Electronic or Hard Copy File is produced |
| PRODPARTY | Name of party producing Electronic File or Hard Copy Document |
| CUSTODIAN | Name of person from whom the Electronic File was collected, reviewed, and produced. |
| DOCTYPE | Populate with either Hard Copy, E-Mail, Attachment, or E-Docs (i.e., loose or standalone files) |
| FROM | The Names and SMTP email addresses of all individuals included on the From line of an email or calendar item |
| TO | The Names and SMTP email addresses of all individuals included on the To line of an email or calendar item |
| CC | The Names and SMTP email addresses of all individuals included on the CC line of an email or Optional line of a calendar item |
| BCC | The Names and SMTP email addresses of all individuals included on the BCC line of an email |
| SUBJECT | Subject line of email |
| DATE_SENT | Date email was sent (MMDDYYYY) |
| TIME_SENT | Time email was sent (HH:MM:SS) |
| LINK | Link to native file on the media received (e.g., Excel attachment) |
| FILE_EXTEN | File extension of the email, attachment, or loose e-file |
| FILE_NAME | The file name of the email attachment or loose e-file |
| FILE_PATH | The original file path of the email or loose e-file |
| AUTHOR | The author of the loose e-file or e-file attachment |

~~[PROPOSED]~~ STIPULATED ELECTRONIC
                                                          DISCOVERY ORDER
                                                          3:15-CV-02897-JST

| | |
|---|---|
| DATE_CREATED | The created date of the email attachment or loose e-file (MMDDYYYY) |
| DATE_MODIFIED | The last-modified date of the email attachment or loose e-file (MMDDYYYY) |
| REDACTION | Populate with Yes or No to indicate whether document contains redactions |
| CONFIDENTIALITY | Populate with any confidentiality designation attached to the document |
| HASH | The MD5 hash value generated when processing the document |

[PROPOSED] STIPULATED ELECTRONIC
DISCOVERY ORDER
3:15-CV-02897-JST

1

**EXHIBIT B**

2

3

| Field Name | Description |
|---|---|
| PRODBEG | First Bates number of Electronic File or Hard Copy Document |
| PRODEND | Last Bates number of Electronic File or Hard Copy Documents |
| PRODVOL | Name of production volume on which document is produced |
| PRODPARTY | Name of party producing Electronic File or Hard Copy Document |
| CUSTODIAN | Name of person from whom the Electronic File or Hard Copy Document was collected, reviewed, and produced. |
| REDACTION | Populate with Yes or No to indicate whether document contains redactions |
| CONFIDENTIALITY | Populate with any confidentiality designation attached to the document |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATED ELECTRONIC
DISCOVERY ORDER
3:15-CV-02897-JST