UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 24/7 CUSTOMER, INC., <br><br>Plaintiff, <br><br>v. <br><br>LIVEPERSON, INC., <br><br>Defendant. | Case No. 15-cv-02897-JST <br><br>**CASE MANAGEMENT ORDER** <br><br>Re: ECF No. 42 |

The parties' Joint Proposed Dual Case Management Order, ECF No. 42, is now before the Court. The purposes of the proposed order are to manage the discovery in this case and to coordinate that discovery, to the extent possible, with the discovery in a related case pending in the Southern District of New York, LivePerson, Inc. v. 24/7 Customer, Inc., 1:14-cv-01559-RWS.

The parties largely agree on the terms of an appropriate order, and the Court now adopts those terms on which there is agreement. The parties also have a few disputes, which the Court now resolves as follows.

Employee Witnesses Located Outside the United States. Both parties have substantial numbers of employees outside the United States – [24]7 in India, and LivePerson in Israel. 24[7] proposes that up to five current employee witnesses for each party be produced in the United States for deposition. It also proposes that depositions conducted outside the United States "shall be conducted in accordance with the Federal Rules of Civil Procedure, *to the extent that such actions do not conflict with local laws, rules, and regulation*." ECF No. 42 at 5 (emphasis in original). LivePerson, on the other hand, proposes that the parties not now determine the number of employee witnesses to be produced in the United States, but that the parties meet and confer in good faith on that subject. Like [24]7, LivePerson also proposes that depositions conducted

outside the United States "shall be conducted in accordance with the Federal Rules of Civil Procedure," but that "[t]his provision shall not be construed as requiring any party to *violate* the local laws of any country." Id. (emphasis added).

The Court will adopt LivePerson's proposal in both respects. With regard to the number of employee witnesses to be produced in the United States, the Court believes the parties should have the flexibility to determine a fair exchange of burdens based on factors such as the cost of bringing each witness to the United States and the value of that witness' testimony to the case. See FED. R. CIV. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is . . . proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."). While it may turn out that having each party produce exactly five foreign witnesses in the United States is a balanced and sensible exchange, it may also turn out that the testimony of some witnesses is substantially more expensive or time-consuming than others, such that a one-to-one exchange is unfair.

With regard to the application of the Federal Rules of Civil Procedure, the Court believes that the use of the word "conflict" creates needless ambiguity, and that the parties can agree to apply the Federal Rules as long as they do not violate local law. To the extent that application of the Federal Rules would merely conflict with local law – but not violate it – the parties can agree to waive any such conflict, and have done so by submitting these competing proposals for the Court's consideration. See 3 Ved P. Nanda & David K. Pansius, Litig. of Int'l Disp. in U.S. Courts §§ 17:21 (2d ed. 2015) ("The responding party cannot rely upon the mere existence of conflicting foreign law, even blocking statutes, which apparently prevent or preclude discovery"), 17:22 ("When the protections of a foreign blocking statute or secrecy law can be waived by the party subject to discovery, the responding party must generally waive the protections").

Production of Documents Located Outside the United States. The parties have a similar dispute with regard to the production of documents located outside the United States. [24]7 proposes that such production "be governed by the Federal Rules of Civil Procedure, to the extent

1  that such actions do not conflict with local laws, rules, and regulations." ECF No. 42 at 6. [24]7
2  also proposes a procedure for the production of documents and the taking of depositions where
3  required by foreign law. In contrast, LivePerson proposes that "[d]ocuments that are within the
4  possession, custody, or control of any party shall be treated as if they were located in the United
5  States, regardless of their actual physical location," id. at 8, with this Court resolving any
6  discovery disputes. Similarly, with regard to depositions, LivePerson proposes that, "in response
7  to a deposition notice served upon a party pursuant to Fed. R. Civ. P. 30, the party will voluntarily
8  produce any noticed employees for deposition, regardless of whether the employee is located in
9  the United States or a foreign country." Id. As with its proposal regarding employee witnesses,
10 LivePerson proposes that "[n]othing in [its] proposal shall be construed as requiring any party to
11 violate the local laws of any foreign country." Id.[1]

12    For reasons similar to those expressed above, the Court finds that LivePerson's proposal is
13 the more reasonable, and adopts it.
14    The parties are ordered to submit a proposed case management order within five court days
15 that incorporates their agree-upon terms, as well as those terms adopted by the Court above.
16    IT IS SO ORDERED.
17 Dated: November 16, 2015

_____
JON S. TIGAR
United States District Judge

---

[1] Both parties agree that "the physical location of a document may be taken into consideration when assessing the burdensomeness of producing it." ECF No. 42 at 6, 8.