| | |
|---|---|
| George A. Riley (S.B. #118304)<br>griley@omm.com<br>Mark E. Miller (S.B. #130200)<br>markmiller@omm.com<br>David R. Eberhart (S.B. #195474)<br>deberhart@omm.com<br>Elysa Q. Wan (S.B. #297806)<br>ewan@omm.com<br>O'MELVENY & MYERS LLP<br>Two Embarcadero Center, 28th Floor<br>San Francisco, California  94111-3823<br>Telephone:     (415) 984-8700<br>Facsimile:      (415) 984-8701<br><br>Susan D. Roeder (S.B. #160897)<br>O'MELVENY & MYERS LLP<br>2765 Sand Hill Road<br>Menlo Park, CA 94025-7019<br><br>Carolyn S. Wall (*pro hac vice*)<br>O'MELVENY & MYERS LLP<br>Times Square Tower, 7 Times Square<br>New York, New York 10036<br><br>*Attorneys for Plaintiff*<br>*24/7 Customer, Inc.* | Karen I. Boyd (State Bar No. 189808)<br>boyd@turnerboyd.com<br>Louis L. Wai (State Bar No. 295089)<br>wai@turnerboyd.com<br>TURNER BOYD LLP<br>702 Marshall Street, Suite 640<br>Redwood City, California 94063<br>Telephone:  (650) 521-5930<br>Facsimile:  (650) 521-5931<br><br>J. Michael Huget (admitted *pro hac vice*)<br>mhuget@honigman.com<br>Charles W. Duncan, Jr. (admitted *pro hac vice*)<br>cduncan@honigman.com<br>Sarah E. Waidelich (admitted *pro hac vice*)<br>swaidelich@honigman.com<br>HONIGMAN MILLER SCHWARTZ AND COHN LLP<br>130 South First Street, Fourth Floor<br>Ann Arbor, MI 48104<br>Telephone: (734) 418-4254<br><br>*Attorneys for Defendant*<br>*LIVEPERSON, INC.* |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| 24/7 Customer, Inc.,<br><br>                    Plaintiff,<br><br>         v.<br><br>LivePerson, Inc.,<br><br>                    Defendant. | Case No. 3:15-CV-02897-JST<br><br>[~~JOINT PROPOSED~~] **DUAL CASE MANAGEMENT ORDER** |

## [JOINT PROPOSED] DUAL CASE MANAGEMENT ORDER

In order to coordinate discovery in the above-captioned Action with discovery in *LivePerson, Inc. v. 24/7 Customer, Inc.,* 1:14-cv-01559-RWS pending before the Honorable Robert W. Sweet in the United States District Court for the Southern District of New York, ("the New York Action") the Parties shall implement the following discovery protocols.

### 1. COORDINATION OF DISCOVERY BETWEEN THE TWO ACTIONS

a. **Document Production**

Any document produced in the New York Action will be available for use in the above-captioned California action, and vice versa. The confidentiality designations for the protective orders will be coordinated and apply regardless of the case in which a document is produced. The Parties shall, nevertheless, use production numbers that indicate the action in which a document is produced.

b. **Written Discovery**

Any written response to an interrogatory or request for admission in the New York action will be available for use in the above-captioned California action, and vice versa. The confidentiality designations applied to such written responses will apply regardless of the case in which the written response is made.

c. **Deposition of Fact Witnesses**

Deposition testimony provided in the New York action will be available for use in the above-captioned California action, and vice versa. The confidentiality designations for deposition transcripts and exhibits will apply regardless of the case in which the deposition is taken.

In the interest of minimizing the burdens of discovery, the parties shall endeavor to limit duplicative deposition discovery to the extent practicable. The parties shall implement the following strategies to so limit the depositions of fact witnesses, absent extenuating circumstances, and shall discuss additional options as necessary:

i. **Limited Depositions of Shared Witnesses**

If a fact witness has already been deposed in the course of discovery in the New York Action, the duration of a second deposition of the same witness in the above-captioned California

1 case may be reduced by one hour where the deposing party has already had an opportunity in the
2 New York action to depose the witness on his or her educational and employment background.

3           ii.  **Foreign Witnesses Deposed in the United States**

4 [24]7 has employees in India and LivePerson has employees in Israel.  The Parties
5 anticipate that some of these employees will be deposed in the New York and/or California
6 Actions.  For purposes of admissibility, any deposition taken in a foreign country shall be treated
7 as if it were taken in the United States. The Parties will meet and confer in good faith regarding
8 the locations of depositions of witnesses who are not current employees and who are located in a
9 foreign country.

10 After both parties have reasonably identified through initial disclosures, interrogatory
11 responses, or otherwise the respective areas of knowledge and geographical locations of their
12 employees with relevant knowledge—they will meet and confer in good faith regarding which
13 and how many depositions will take place in the United States.  Depositions conducted outside
14 the United States shall be conducted in accordance with the Federal Rules of Civil Procedure;
15 provided however, that this provision shall not be construed as requiring any party to violate the
16 local laws of any foreign country.

17           iii.  **Foreign Discovery**

18 The parties expect that both cases will involve the production of documents maintained by
19 [24]7's employees in India and LivePerson's employees in Israel. The discoverability and
20 production of documents located outside of the United States that are within the possession,
21 custody, or control of any party shall be governed by the Federal Rules of Civil Procedure.
22 Notwithstanding the foregoing, the physical location of a document may be taken into
23 consideration when assessing the burdensomeness of producing it.

24 Documents that are within the possession, custody, or control of any party shall be treated
25 as if they were located in the United States, regardless of their actual physical location. Should a
26 party move to compel production of documents located in a foreign country, and should this
27 Court order the production of such documents, this Court's order shall set the scope of the
28 documents to be produced, and any party so ordered shall voluntarily produce the documents

1  through the procedures set forth in the Federal Rules of Civil Procedure. This Court shall preside
2  over any disputes regarding the production of documents located in a foreign country.

3      Within the limits on deposition time set forth in the Joint Case Management Conference
4  and Statement, in response to a deposition notice served upon a party pursuant to Fed. R. Civ. P.
5  30, the party will voluntarily produce any noticed employees for deposition, regardless of whether
6  the employee is located in the United States or a foreign country; provided, however, that nothing
7  in this provision shall be construed as requiring any party to violate the local laws of any foreign
8  country.

Dated:  November 19, 2015

**O'MELVENY & MYERS**

By:   */s/ Mark E. Miller*
      Mark E. Miller

Attorneys for Plaintiff
24/7 Customer, Inc.

Dated:  November 19, 2015

**TURNER BOYD LLP**

By:   */s/ Karen Boyd*
      Karen Boyd

Attorneys for Defendant
LivePerson, Inc.

**ATTESTATION:** Pursuant to Local Rule 5-1(i)(3) I hereby attest that concurrence in the filing of this document has been obtained from Karen Boyd.

By:   */s/ Mark E. Miller*
      Mark E. Miller

- 4 -

[JOINT PROPOSED] DUAL CASE MANAGEMENT ORDER
3:15-CV-02897-JST

1 **[PROPOSED] ORDER**

2 The parties' stipulation is adopted and IT IS SO ORDERED.

5 Dated: November 19, 2015                    By: _____

6                                                                           HON.
                                                                              UNITED STATES DISTRICT JUDGE

*IT IS SO ORDERED*
*Judge Jon S. Tigar*

- 5 -

[JOINT PROPOSED] DUAL CASE
MANAGEMENT ORDER
3:15-CV-02897-JST