Karen I. Boyd (State Bar No. 189808)
boyd@turnerboyd.com
Louis L. Wai (State Bar No. 295089)
wai@turnerboyd.com
TURNER BOYD LLP
702 Marshall Street, Suite 640
Redwood City, California 94063
Telephone:  (650) 521-5930
Facsimile:  (650) 521-5931

J. Michael Huget (admitted *pro hac vice* )
mhuget@honigman.com
Charles W. Duncan, Jr. (admitted *pro hac vice* )
cduncan@honigman.com
Sarah E. Waidelich (admitted *pro hac vice* )
swaidelich@honigman.com
HONIGMAN MILLER SCHWARTZ AND
COHN LLP
315 E. Eisenhower Parkway, Suite 100
Ann Arbor, MI 48108-3330
Telephone: (734) 418-4200

*Attorneys for Defendant*
*LIVEPERSON, INC.*

GEORGE RILEY (S.B. #118304)
griley@omm.com
MARK E. MILLER (S.B. #130200)
markmiller@omm.com
DAVID R. EBERHART (S.B. #195474)
deberhart@omm.com
ELYSA Q. WAN (S.B. #297806)
ewan@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California  94111-3823
Telephone:     (415) 984-8700
Facsimile:      (415) 984-8701

Susan D. Roeder (S.B. #160897)
sroeder@omm.com
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, CA 94025-7019

Carolyn S. Wall (*pro hac vice*)
cwall@omm.com
O'MELVENY & MYERS LLP
Times Square Tower, 7 Times Square
New York, New York 10036

*Attorneys for Plaintiff*
*24/7 Customer, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| 24/7 Customer, Inc., <br><br>             Plaintiff, <br><br>      v. <br><br> LivePerson, Inc., <br><br>             Defendant. | Case No. 3:15-CV-02897-JST <br><br> **[PROPOSED]** **STIPULATED PROTECTIVE ORDER** |

1          **[PROPOSED]** STIPULATED PROTECTIVE ORDER

2    1.     <u>PURPOSES AND LIMITATIONS</u>

3          Disclosure and discovery activity in this action are likely to involve production of

4    confidential, proprietary, or private information for which special protection from public

5    disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

6    Accordingly, the Parties hereby stipulate to and petition the Court to enter the following

7    Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket

8    protections on all disclosures or responses to discovery and that the protection it affords from

9    public disclosure and use extends only to the limited information or items that are entitled to

10   confidential treatment under the applicable legal principles. The parties further acknowledge, as

11   set forth in Section 15.4, below, that this Stipulated Protective Order does not entitle them to file

12   confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be

13   followed and the standards that will be applied when a party seeks permission from the court to

14   file material under seal.

15   2.     <u>DEFINITIONS</u>

16         2.1     <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of

17   documents, information, or items under this Order.

18         2.2     <u>"CONFIDENTIAL" Information or Items</u>: documents, information (regardless of

19   how it is generated, stored or maintained), or tangible things that qualify for protection under

20   Federal Rule of Civil Procedure 26(c).

21         2.3     <u>Counsel (without qualifier)</u>: Outside Counsel of Record and In-House Counsel (as

22   well as their support staff).

23         2.4     <u>Designating Party</u>: a Party or Non-Party that designates information or items that it

24   produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY

25   CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL –  SOURCE

26   CODE".

27         2.5     <u>Disclosure or Discovery Material</u>: all documents, items, or information, regardless

28

- 2 -                                      **[PROPOSED]** STIPULATED
PROTECTIVE ORDER
3:15-CV-02897-JST

1   of the medium or manner in which it is generated, stored, or maintained (including, among other

2   things, testimony, transcripts, and tangible things), that are produced or generated in disclosures

3   or responses to discovery in this matter.

4          2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to

5   the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or

6   as a consultant in this action, (2) is not a past or current employee or current consultant of a Party

7   or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an

8   employee or consultant of a Party or of a Party's competitor outside of this action.  This definition

9   includes a professional jury or trial consultant retained in connection with this litigation.

10          2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or

11   Items: extremely sensitive "Confidential Information or Items," disclosure of which to another

12   Party or Non-Party would create a substantial risk of serious harm that could not be avoided by

13   less restrictive means.

14          2.8     "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items:

15   information that falls within the definition of HIGHLY CONFIDENTIAL – ATTORNEYS'

16   EYES ONLY information and that comprises computer source code (e.g., C++ code).  The

17   definition of HIGHLY CONFIDENTIAL – SOURCE CODE does not include descriptions or

18   summaries of the Designated Code, design specifications, schematics, flow charts, or block

19   diagrams, nor shall it include materials that appear in user manuals, technical manuals, service

20   manuals, presentations, or similar documents.

21          2.9     In-House Counsel: attorneys (and their support staff) who are employees of a Party

22   to this action. In-House Counsel does not include Outside Counsel of Record or any other outside

23   counsel.

24          2.10    Non-Party: any natural person, partnership, corporation, association, or other legal

25   entity not named as a Party to this action.

26          2.11    Outside Counsel of Record: attorneys (and their support staff) who are not

27   employees of a Party to this action but are retained to represent or advise a Party to this action and

28

have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.12    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

2.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, jury analysis, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.16    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, translations, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating

Party. Any use of Protected Material at trial shall be governed by a separate ruling or order of the Court.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the designation.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

1    Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

2    designated before the material is disclosed or produced.

3         Designation in conformity with this Order requires:

4         (a) for information in documentary form (e.g., paper or electronic documents, but

5    excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

6    Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

7    EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains

8    protected material.

9         A Party or Non-Party that makes original documents or materials available for inspection

10   need not designate them for protection until after the inspecting Party has indicated which

11   material it would like copied and produced. During the inspection and before the designation, all

12   of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

13   ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

14   copied and produced, the Producing Party must determine which documents, or portions thereof,

15   qualify for protection under this Order. Then, before producing the specified documents, the

16   Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY

17   CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE

18   CODE) to each page that contains Protected Material.

19        (b) for testimony given in deposition or in other pretrial or trial proceedings, that

20   the Designating Party identify on the record, before the close of the deposition, hearing, or other

21   proceeding, all protected testimony and specify the level of protection being asserted. When it is

22   impractical to identify separately each portion of testimony that is entitled to protection and it

23   appears that substantial portions of the testimony may qualify for protection, the Designating

24   Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded)

25   a right to have up to 21 days to identify the specific portions of the testimony as to which

26   protection is sought and to specify the level of protection being asserted. Only those portions of

27   the testimony that are appropriately designated for protection within the 21 days shall be covered

28

1  by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may

2  specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the

3  entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

4  ATTORNEYS' EYES ONLY."

5    While Protected Material is being used at a deposition, no person to whom the Protected

6  Material may not be disclosed under this Order shall be present. While Protected Material is

7  being used at a hearing or other proceeding, either Party may request that the courtroom be

8  closed. The use of a document as an exhibit at a deposition shall not in any way affect its

9  designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

10  ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE."

11    Transcripts containing Protected Material shall have an obvious legend on the title page

12  that the transcript contains Protected Material, and the title page shall be followed by a list of all

13  pages (including line numbers as appropriate) that have been designated as Protected Material and

14  the level of protection being asserted by the Designating Party. The Designating Party shall

15  inform the court reporter of these requirements. Any transcript that is prepared before the

16  expiration of a 21-day period for designation shall be treated during that period as if it had been

17  designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

18  otherwise agreed. After the expiration of that period, the transcript shall be treated only as

19  actually designated.

20    (c) <u>for information produced in some form other than documentary and for any</u>

21  <u>other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the

22  container or containers in which the information or item is stored the legend "CONFIDENTIAL,"

23  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL

24  – SOURCE CODE".

25    5.3 <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified

26  information or items does not waive the Designating Party's right to secure protection under this

27  Order for such material. Upon timely correction of a designation, the Receiving Party must make

28

1   reasonable efforts to assure that the material is treated in accordance with the provisions of this

2   Order.

3   6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

4        6.1      Timing of Challenges. Any Party or Non-Party may challenge a designation of

5   confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

6   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

7   burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

8   challenge a confidentiality designation by electing not to mount a challenge promptly after the

9   original designation is disclosed.

10       6.2      Meet and Confer. The Challenging Party shall initiate the dispute resolution

11   process by providing written notice of each designation it is challenging and describing the basis

12   for each challenge. The parties shall attempt to resolve each challenge in good faith and must

13   begin the process by conferring directly (in voice to voice dialogue; other forms of

14   communication are not sufficient) within 14 days of the date of service of notice. In conferring,

15   the Challenging Party must explain the basis for its belief that the confidentiality designation was

16   not proper and must give the Designating Party an opportunity to review the designated material,

17   to reconsider the circumstances, and, if no change in designation is offered, to explain the basis

18   for the chosen designation. A Challenging Party may proceed to the next stage of the challenge

19   process only if it has engaged in this meet and confer process first or establishes that the

20   Designating Party is unwilling to participate in the meet and confer process in a timely manner.

21       6.3      Judicial Intervention. If the Parties cannot resolve a challenge without judicial

22   intervention, the Challenging Party shall file and serve a motion that identifies generally, but does

23   not quote or paraphrase the substance of, the challenged material and sets forth in detail the basis

24   for the challenge.  The burden to justify the particular designation shall be on the Designating

25   Party.  Each such motion must be accompanied by a statement affirming that the movant has

26   complied with the meet and confer requirements imposed in the preceding section.  Until the

27   Court rules on the challenge, all Parties shall continue to afford the material in question the level

28

of protection to which it is entitled under the Designating Party's designation.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1      Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 16 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2      Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

1      (f) during their depositions, witnesses in the action to whom disclosure is

2   reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

3   (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of

4   transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

5   separately bound by the court reporter and may not be disclosed to anyone except as permitted

6   under this Stipulated Protective Order.

7      (g) the author or recipient of a document containing the information or a custodian

8   or other person who otherwise possessed or knew the information.

9     7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

10  Information or Items. Unless otherwise ordered by the court or permitted in writing by the

11  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

12  CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

13     (a) the Receiving Party's Outside Counsel of Record in this action, as well as

14  employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

15  information for this litigation;

16     (b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary

17  for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound"

18  (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been

19  followed;

20     (c) the court and its personnel;

21     (d) court reporters and their staff, professional jury or trial consultants, and

22  Professional Vendors to whom disclosure is reasonably necessary for this litigation; and

23     (e) the author or recipient of a document containing the information or a custodian

24  or other person who otherwise possessed or knew the information.

25    7.4 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL

26  – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE"

27  Information or Items to Experts.

28

[PROPOSED] STIPULATED
PROTECTIVE ORDER
3:15-CV-02897-JST

1    Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a

2   Party that seeks to disclose to an Expert any document, information, or other item that has been

3   designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or HIGHLY

4   CONFIDENTIAL - SOURCE CODE first must complete a reasonable investigation of the Expert

5   and determine (1) that the Expert's current employer(s) are not competitors of the Receiving

6   Party.  The Parties have met and conferred to develop a list of Competitors, and will continue to

7   meet and confer to revise the Competitors list in the event either Party wishes to modify it; (2)

8   that the Expert is not a past employee of a Party or a Party's competitor and at the time of

9   retention not anticipated to become an employee of a Party or a competitor; and (3) that the

10   Expert, and all persons working with or for the Expert that will receive any document,

11   information, or other item that has been designated HIGHLY CONFIDENTIAL - ATTORNEYS'

12   EYES ONLY or HIGHLY CONFIDENTIAL - SOURCE CODE, have executed the "Agreement

13   to Be Bound" (Exhibit A) . For each such investigation completed, the Party or its counsel who

14   conducted the investigation must prepare and sign a declaration attesting to the reasonableness of

15   his or her investigation and that the investigation determined (1) that the Expert's current

16   employer(s) are not competitors of the Receiving Party, (2) that the Expert is not a past employee

17   of a Party or a Party's competitor and at the time of retention not anticipated to become an

18   employee of a Party or a competitor; and (3) that the Expert, and all persons working with or for

19   the Expert that received the Protected Material and executed the "Agreement to Be Bound"

20   (Exhibit A) . The Receiving Party shall keep and store all such declarations and shall provide

21   them to the Designating Party at the conclusion of the litigation if the Court so orders upon

22   showing of good cause by the Designating Party.

23   8.    PROSECUTION BAR

24    Absent written consent from the Producing Party, any individual who receives access to

25   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

26   SOURCE CODE" information shall not be involved in the prosecution of patents or patent

27   applications relating to systems and methods of customer service and customer engagement

28

[PROPOSED] STIPULATED
PROTECTIVE ORDER
3:15-CV-02897-JST

including, but not limited to, agent-assisted interactions, self-service solutions, virtual assistants, customer analytics, predictive analytics, recommendation engines, natural language techniques, and knowledge management, and including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of applications, specifications, claims, and/or responses to office actions, or otherwise affecting the disclosure in patent applications or specifications or the scope of claims in patents or patent applications, whether in original prosecution, reissue, reexamination, inter partes review, or post-grant review. The term "prosecution" does not include patent prosecution duties that involve little more than reporting off ice actions or filing ancillary paperwork, such as sequence listings, formal drawings, or information disclosure statements; involvement in high-altitude oversight of patent prosecution, such as staffing projects or coordinating client meetings having no significant role in crafting the content of patent applications or advising clients on the direction to take their portfolios; and any other activities that present little risk that attorneys involved solely in these kinds of prosecution activities will inadvertently rely on or be influenced by information they may learn as trial counsel during the course of litigation. Further, to avoid any doubt, "prosecution" as used in the section 9 does not include representing a party who is challenging the validity of a patent in any such proceedings. This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end one (1) year after final termination of this action.

9.      SOURCE CODE

        (a)      To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises confidential, proprietary or trade secret source code.

(b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information including the Prosecution Bar set forth in Paragraph 8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4.

9.1     Production of Source Code

Source code that is designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(a)     Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreed times, at an office of the Producing Party's Counsel or another mutually agreed upon location.

(b)     All source code shall be made available by the Producing Party to the Receiving Party's Outside Counsel of Record and/or experts on a secured computer in a secured room without Internet access or network access to other computers, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any source code outside or away from the computer on which the source code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room").

(c)     The Producing Party shall provide a manifest of the contents of the Source Code Computer.  This manifest shall be supplied in both printed and electronic form and shall list the name and location (i.e., filename and filepath) of every source code file on the Source Code Computer.

(d)     The Source Code Computer shall include software utilities that will allow authorized counsel and experts to view, search, and analyze the source code.  At a minimum, these utilities should provide the ability to view, search, and line-number any source file; search

- 13 -

1  for a given pattern of text through a number of files; compare files and display their differences;

2  and compute the MD5 checksum of a file. The Producing Party shall install commercially

3  available, licensed software tools for viewing and searching source code on the Source Code

4  Computer, including text editors and multi-file test search results. If the Receiving Party wishes

5  to use a tool other than those provided by the Producing Party, the Receiving Party must provide

6  the Producing Party with a CD or DVD containing free or licensed software tool(s) for source

7  code review at least five (5) business days in advance of the date upon which the Receiving Party

8  wishes to review source code. The Producing Party has two (2) business days to object to use of

9  the requested software. If, after meeting and conferring, the Producing Party and the Receiving

10  Party cannot resolve the objection, the Parties shall file a joint motion within three (3) business

11  days after the completion of the meet and confer process, and the Parties will request expedited

12  consideration of the motion.

13  (e)  No recordable media or storage devices, including without limitation sound

14  recorders, scanner, camera, CDs, DVDs, or external drives of any kind, shall be permitted into the

15  Source Code Review Room.

16  (f)  The Receiving Party's counsel and/or experts shall be entitled to take notes

17  relating to the source code but may not copy the source code into the notes and may not take such

18  notes on the Source Code Computer itself. No copies of all or any portion of the source code may

19  leave the room in which the source code is inspected except as otherwise provided herein.

20  Further, no other written or electronic record of the source code is permitted except as otherwise

21  provided herein.

22  (g)  The Producing Party shall make available a laser printer with commercially

23  reasonable printing speeds for on-site printing during inspection of the source code. The

24  Receiving Party may print limited portions of the source code only when reasonably necessary to

25  prepare court filings or pleadings or other papers (including a testifying expert's expert report or

26  for use as deposition exhibits). Absent agreement of the Producing Party or further order of the

27  Court, the Receiving Party may print out no more than 10% of a specific software release and no

28

[PROPOSED] STIPULATED
PROTECTIVE ORDER
3:15-CV-02897-JST

1    print-out may exceed 50 continuous pages. The Receiving Party shall not print source code to

2    review blocks of source code elsewhere in the first instance, i.e., as an alternative to reviewing

3    that source code electronically on the Source Code Computer.  The Receiving Party shall provide

4    the printed pages to the Producing Party, who shall add production numbers, copy, and label

5    "HIGHLY CONFIDENTIAL – SOURCE CODE" any pages printed by the Receiving Party. The

6    Receiving Party may not leave the Source Code Review Room with unnumbered and unlabeled

7    printed source code pages.  If the Producing Party objects that the printed portions are excessive

8    and/or not created for a permitted purpose, the Producing Party shall make such objection known

9    to the Receiving Party within five (5) business days of receiving such printed portions.  If, after

10   meeting and conferring, the Producing Party and the Receiving Party cannot resolve the

11   objection, the Receiving Party shall be entitled to seek a Court resolution of whether the printed

12   source code in question was printed for a permitted purpose.  In the event of an objection, the

13   Producing Party shall not provide any copies of such pages to the Receiving Party unless and

14   until the dispute has been resolved.  In the absence of any objection, or upon resolution of any

15   such dispute by the Court, the Producing Party shall provide one copy set of such pages to the

16   Receiving Party within five (5) business days after receiving the printed pages.  The printed pages

17   shall constitute part of the source code produced by the Producing Party in this action.

18        (h)     All persons viewing source code shall sign a log on each day they view Source

19   Code; that log will be maintained by the Producing Party, and will include the names of persons

20   who enter the locked room to view the source code. Both parties shall be entitled to review the

21   log.

22        (i)     Other than as provided herein, the Receiving Party will not copy, remove, or

23   otherwise transfer any portion of the source code from the Source Code Computer including,

24   without limitation, copying, removing, or transferring the source code onto any recordable media

25   or recordable device, including without limitation sound recorders, computers, cellular

26   telephones, scanners, cameras, CDs, DVDs, or external drives of any kind.

27        (j)     The Receiving Party's outside counsel of record and any person receiving a copy

28

[PROPOSED] STIPULATED
PROTECTIVE ORDER
3:15-CV-02897-JST

1  of any source code shall maintain and store any copies of the source code at their offices in a

2  manner that prevents duplication of or unauthorized access to the source code, including, without

3  limitation, storing the source code in a locked room or cabinet at all times when it is not in use.

4       (k)    Except as provided in this sub-section, absent express written permission from the

5  Producing Party, the Receiving Party may not create electronic images or electronic copies of the

6  source code from any paper copy of source code for use in any manner (including by way of

7  example only, the Receiving Party may not scan the source code to a PDF or photograph the

8  code). The Receiving Party may make paper copies of printed source code as reasonably

9  necessary for use in the prosecution or defense of this action, subject to the limitations set forth in

10  this Protective Order. Images or copies of source code shall not be included in correspondence

11  between the Parties (references to production numbers shall be used instead), and shall be omitted

12  from pleadings and other papers whenever possible. If a Party reasonably believes that it must

13  submit a portion of source code as part of a filing with the Court, the Party may make such a

14  filing under seal in accordance with the Court's procedures and may create electronic images or

15  electronic copies solely for use with such filing. If a Producing Party agrees to produce an

16  electronic copy of all or any portion of its source code or the Receiving Party makes such an

17  electronic copy for a Court filing or pursuant to the written permission of the Producing Party, the

18  Receiving Party's communication and/or disclosure of electronic files or other materials

19  containing any portion of source code (paper or electronic) shall at all times be limited to solely

20  those individuals who are expressly authorized to view source code under the provisions of this

21  Protective Order. In cases where the Producing Party has provided the express written permission

22  required under this provision for a Receiving Party to create electronic copies of source code, any

23  such electronic copies must be labeled HIGHLY CONFIDENTIAL – SOURCE CODE as

24  provided for in this Order.

25       (l)    The Producing Party may visually monitor the activities of the Receiving Party's

26  representatives during any source code review, but only to ensure that there is no unauthorized

27  recording, copying, or transmission of the source code.

28

[PROPOSED] STIPULATED
PROTECTIVE ORDER
3:15-CV-02897-JST

(m)    At the conclusion of the litigation, counsel for each Party will certify on behalf of itself and anyone working with and/or at the direction of counsel or the Party that all copies, electronic or paper, of or containing source code have been destroyed or erased in a manner than prevents any forensic recovery of the source code, with the exception of portions of source code that were included in filed or served pleadings or their exhibits, or as exhibits to deposition, or admitted into evidence.  Other than as set forth in this sub-section, counsel may not retain any copies of source code.

10.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as

authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.  **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.  make the information requested available for inspection by the Non-Party.

(c)  If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

1    12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

2            If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

3    Material to any person or in any circumstance not authorized under this Stipulated Protective

4    Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

5    unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

6    Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

7    made of all the terms of this Order, and (d) request such person or persons to execute the

8    "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9    13.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
            MATERIAL

10           When a Producing Party gives notice to Receiving Parties that certain inadvertently

11   produced material is subject to a claim of privilege or other protection, the obligations of the

12   Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

13   provision is not intended to modify whatever procedure may be established in an e-discovery

14   order that provides for production without prior privilege review. Pursuant to Federal Rule of

15   Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a

16   communication or information covered by the attorney-client privilege or work product

17   protection, the Parties may incorporate their agreement in the stipulated protective order

18   submitted to the court.

19   14.    PRIVILEGE LOG

20           A Producing Party may withhold production of a document or portions of a document

21   based on the assertion that the otherwise responsive document is privileged (i.e., attorney-client

22   privilege or work-product doctrine).  Within a reasonable time after production of any documents

23   from which any materials have been withheld as privileged, the Party asserting a claim of

24   privilege will describe the nature of the documents or other material withheld in a manner that

25   complies with Federal Rule of Civil Procedure 26(b)(5)(A).  Unless otherwise agreed to by the

26   parties or ordered by the Court, the parties are not required to log or otherwise provide

27   information about privileged documents that post-date March 6, 2014.

28

[PROPOSED] STIPULATED
PROTECTIVE ORDER
3:15-CV-02897-JST

1    15.    MISCELLANEOUS

2        15.1    Right to Further Relief. Nothing in this Order abridges the right of any person to

3    seek its modification by the court in the future.

4        15.2    Right to Assert Other Objections. By stipulating to the entry of this Protective

5    Order no Party waives any right it otherwise would have to object to disclosing or producing any

6    information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

7    Party waives any right to object on any ground to use in evidence of any of the material covered

8    by this Protective Order.

9        15.3    Export Control. Disclosure of Protected Material shall be subject to all applicable

10   laws and regulations relating to the export of technical data contained in such Protected Material,

11   including the release of such technical data to foreign persons or nationals in the United States or

12   elsewhere. The Producing Party shall be responsible for identifying any such controlled technical

13   data, and the Receiving Party shall take measures necessary to ensure compliance.

14       15.4    Filing Protected Material. Without written permission from the Designating Party

15   or a court order secured after appropriate notice to all interested persons, a Party may not file in

16   the public record in this action any Protected Material. A Party that seeks to file under seal any

17   Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed

18   under seal pursuant to a court order authorizing the sealing of the specific Protected Material at

19   issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request

20   establishing that the Protected Material at issue is privileged, protectable as a trade secret, or

21   otherwise entitled to protection under the law. If a Receiving Party's request to file Protected

22   Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the

23   Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule

24   79-5(e)(2) unless otherwise instructed by the court.

25   16.    FINAL DISPOSITION

26       Within ninety (90) calendar days after the final disposition of this action, as

27   defined in Section 4 above, each Receiving Party must return all Protected Material to the

28

[PROPOSED] STIPULATED
PROTECTIVE ORDER
3:15-CV-02897-JST

1  Producing Party or destroy such material. As used in this subdivision, "all Protected Material"

2  includes all copies, abstracts, compilations, summaries, and any other format reproducing or

3  capturing any of the Protected Material. Whether the Protected Material is returned or destroyed,

4  the Receiving Party must submit a written certification to the Producing Party (and, if not the

5  same person or entity, to the Designating Party) by the 90-day deadline that affirms that the

6  Receiving Party has not retained any copies, abstracts, compilations, summaries or any other

7  format reproducing or capturing any of the Protected Material. Notwithstanding this provision,

8  Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition,

9  and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

10  reports, attorney work product, and consultant and Expert work product, even if such materials

11  contain Protected Material. Any such archival copies that contain or constitute Protected Material

12  remain subject to this Protective Order as set forth in Section 4 above.

13

14  Dated:  December 18, 2015          O'MELVENY & MYERS

15                                     By:     *s/ Mark E. Miller*
16                                     Mark E. Miller

17                                     Attorney for Plaintiff
18                                     24/7 Customer, Inc.

19  Dated:  December 18, 2015          TURNER BOYD LLP

20                                     By:     *s/ Karen Boyd*
21                                     Karen Boyd

22
23                                     Attorneys for Defendant
                                       LivePerson, Inc.

24

25

26

27

28

~~[PROPOSED]~~ STIPULATED
PROTECTIVE ORDER
3:15-CV-02897-JST

CIVIL L. R. 5.1(i)(3) ATTESTATION

In compliance with Local Rule 5-1(i)(3), I hereby attest that Karen Boyd, counsel for Defendant, has concurred in the filing of this [Proposed] Stipulated Protective Order.

Dated: December 18, 2015

O'MELVENY & MYERS LLP


s/ Mark E. Miller
Mark E. Miller
Attorney for Plaintiff
24/7 Customer, Inc.


[PROPOSED] ORDER

The parties' stipulation is adopted and IT IS SO ORDERED.

Dated: December 18, 2015 By:

IT IS SO ORDERED

Judge Jon S. Tigar

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

[PROPOSED] STIPULATED
PROTECTIVE ORDER
3:15-CV-02897-JST

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on **[date]** in the case of *24/7 Customer, Inc. v. LivePerson, Inc.*, Case No. 3:15-CV-02897-JST. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
        [printed name]

Signature: _____
        [signature]

[PROPOSED] STIPULATED
PROTECTIVE ORDER
3:15-CV-02897-JST