July 12, 2016

**VIA ECF**

The Honorable Jon S. Tigar
United States District Judge for the Northern District of California
San Francisco Courthouse, Courtroom 9 – 19th Floor
450 Golden Gate Ave., San Francisco, CA 94102

**Re:** *[24]7 Customer v. LivePerson, Case Nos. 3:15-cv-02897-JST (lead); 3:15-cv-05585-JST*

Your Honor:

Pursuant to Section F of the Court's Standing Order for All Civil Cases, Plaintiff [24]7 Customer, Inc. ("[24]7") and Defendant LivePerson, Inc. ("LivePerson") submit this letter brief to address [24]7's request that LivePerson answer a non-infringement contention interrogatory— [24]7's Interrogatory No. 6—stating:

For each Asserted Claim, state in detail all factual and legal bases for your contention, if any, that you do not infringe and have not infringed that Asserted Claim (directly or indirectly, and literally or under the doctrine of equivalent), including:

(a) a claim chart identifying each claim limitation that you contend is not met by each Accused Product;

(b) an explanation of why each limitation identified in response to part (a) is not allegedly met (both literally and under the doctrine of equivalents); and

(c) an identification of any part of [24]7's infringement contentions (including those served on March 23, 2016 as well as any amendments thereto) with which you disagree and a detailed explanation of why you disagree.

## I.   [24]7's Position: The Court Should Require LivePerson To Answer [24]7's Non-Infringement Interrogatory

Non-infringement contentions will substantially assist in clarifying and narrowing the issues in dispute, including selection of claim terms for construction and reducing the number of asserted claims.  LivePerson has had [24]7's infringement contentions for all Asserted Patents for over three months, since March 23, 2016 (and eight months, since November 4, 2015, for several of the Asserted Patents).  Thus, LivePerson has had ample time to develop—and should now be required to disclose—its non-infringement positions.

The Patent Local Rules are intended to replace contention interrogatories seeking infringement and invalidity contentions.  *Monolithic Power Systems, Inc. v. Silergy Corp.*, No. 14-cv-01745-VC (KAW), 2015 WL 5440674, at *1.  But those Rules do not provide for the converse – non-infringement contentions and validity contentions.  This court has repeatedly ordered parties to respond to interrogatories providing the flip side of the contentions required by

the Patent Local Rules and should do so in this case.   [24]7 requests that the Court order LivePerson to provide its response to [24]7's non-infringement interrogatory by July 29, 2016.

Contention interrogatories "can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery." *O2 Micro Intern Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006) (quoting Fed. R. Civ. P. 33, advisory committee's note to 1970 amendment of subsection (b)).  Generally, contention interrogatories are appropriate if they would contribute meaningfully to "(1) clarifying the issues in the case; (2) narrowing the scope of the dispute; (3) setting up early settlement discussion; or (4) exposing a substantial basis for a motion under Rule 11 or Rule 56." *In re eBay Seller Antitrust Litig.*, 2008 WL 5212170, at *1 (N.D. Cal. Dec. 11, 2008).

LivePerson's non-infringement contentions would both "clarify[ ] the issues in the case" and "narrow[ ] the scope of the dispute," by identifying which claim elements are contested.  For example, LivePerson's non-infringement positions can "help limit the scope of the *Markman* hearing." *Fellowes, Inc. v. Aurora Corp. of Am.*, 2009 WL 1097063, at *2 (N.D. Ill. Apr. 1, 2009).  Focusing the parties' disputes during claim construction is particularly important in view of the limited number of terms that the court will construe.  LivePerson incorrectly argues that non-infringement positions are irrelevant to claim construction; in actuality, non-infringement contentions will guide the parties and the court in resolving actual disputes between the parties. *See In re ICON Health and Fitness, Inc.*, 496 F.3d 1374, 1379 (Fed. Cir. 2007) ("an infringement or invalidity analysis provides the context for claim construction."); *Wilson Sporting Goods Co. v. Hillerich & Bradsby Co.*, 442 F.3d 1322, 1326 (Fed. Cir. 2006) (claim construction "always takes place in the context of a specific accused infringing device or process").  Additionally, LivePerson's non-infringement positions will help [24]7 make a reasoned selection of claims ahead of the Court's deadline for reducing the total number of asserted claims, and will narrow and focus future discovery proceedings.

LivePerson does not rebut [24]7's showing that LivePerson's response will (1) clarify the issues in the case and (2) narrow the scope of the parties' disputes.  Instead, LivePerson relies on case law unrelated to non-infringement contention interrogatories.  *Amgen, Inc. v. Sandoz Inc.* relates to contention interrogatories on the meaning of claim terms.  No. 3:14-cv-4741, 2016 U.S. Dist. LEXIS 31116, at *9 (N.D. Cal. Mar. 10, 2016).  *In re eBay* dealt with "market definition and damages" contention interrogatories.  2008 U.S. Dist. LEXIS 102815, at *6 (N.D. Cal. Dec. 11, 2008).  *MediaTek Inc. v. Freescale Semiconductor* relates to a motion to strike expert reports. No. 4:11-cv-5341, 2014 U.S. Dist. LEXIS 85413, at *15 (N.D. Cal. Jun. 20, 2014).

Courts regularly require defendants to provide non-infringement interrogatory responses relatively early in the litigation where the defendant is able to respond and a response would clarify issues in the case.  In *Townshend Intellectual Property, L.L.C. v. Broadcom Corp.*, this court required the defendant to provide its non-infringement position within 20 days after receiving the patentee's infringement contentions.  No. 06-5118, 2007 WL 2462152, at *3 (N.D. Cal. Aug. 29, 2007).  A "non-infringement contention interrogatory is appropriate where plaintiff has provided its infringement contentions with corresponding claim charts, thereby allowing defendant to respond." *Audatex N. Am. Inc. v. Mitchell Int'l, Inc.*, 2014 WL 4961437, at *3 (S.D. Cal. Oct. 3, 2014).  LivePerson has sufficient information to respond to this non-infringement interrogatory—[24]7's infringement contentions and complete information regarding the

structure and operation of LivePerson's own accused products.

The case law endorses disclosure of non-infringement contentions in parallel with claim construction proceedings. In *Halo Electronics, Inc. v. Bel Fuse Inc.*, this court required the defendant to provide its non-infringement position, rejecting defendant's contention that it should delay its response until after claim construction was complete. No. 07-06222, 2010 WL 4586380, at *4 (N.D. Cal. Nov. 4, 2010). In *Townshend*, the parties were in the midst of exchanging claim terms and preliminary claim constructions when the court ordered disclosure of non-infringement contentions. Action No. 5:06-cv-5118, Dkt. No. 70 at 1. In *Audatex*, the parties had merely exchanged "preliminary and responsive claim construction contentions" at the time non-infringement contentions were ordered. 2014 WL 4961437, at *2. In *HTC Corp. v. Tech. Props. Ltd.*, HTC agreed to produce non-infringement contentions 30 days after service of the parties' joint claim construction statement. No. 5:08-cv-882, 2011 U.S. Dist. LEXIS 4531, *6 (N.D. Cal. Jan. 12, 2011). And in *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, the defendant "provided a substantive answer" to the non-infringement interrogatory prior to claim construction; the issue in dispute was whether supplemental responses were necessary. No. 3:12-cv-5501, Dkt. No. 53 (N.D. Cal. May 1, 2013). Here, LivePerson identified no terms for construction for 8 of 13 patents, and must provide constructions for all terms identified for construction by July 25. By at least that date, LivePerson will be prepared to respond for all patents. Those responses will inform claim construction and the required reduction in asserted claims, and focus discovery. LivePerson may, if appropriate, amend its responses to account for the Court's claim construction order.

Finally, [24]7 is not shifting the burden on LivePerson to prove [24]7's infringement allegations or identify source code. [24]7 is seeking LivePerson's contentions of non-infringement – which claim limitations does LivePerson contend are not found in the accused products. Interrogatory No. 6, part (a). LivePerson's reliance on *Apple v. Samsung* is misplaced—that case dealt specifically with an interrogatory seeking identification of all relevant source code. 2013 U.S. Dist. LEXIS 53409, at *17 (N.D. Cal. Apr. 12, 2013) (requesting defendant to "[i]dentify from the Source Code produced . . . all files that relate to the Accused Features and functionality of the Accused [] Products."). [24]7 seeks LivePerson's non-infringement contentions as opposed to an identification of infringing source code files.

## II.      LivePerson's Position: The Non-Infringement Interrogatory Is Premature, Inconsistent with the Practice in this District, and Impermissibly Shifts the Burden to LivePerson to Define the Scope of [24]7's Case

[24]7 served its new infringement contentions on March 23, 2016. These contentions total 122 patent claims over 1,046 pages, markedly more substantial than the earlier contentions (32 claims over 318 pages). Requiring LivePerson to finalize and document responsive positions to [24]7's lengthy contentions at this stage of the litigation is unreasonably burdensome, inconsistent with the practice of this District, and unfairly shifts [24]7's burden to LivePerson.

### A.      Courts In This District Favor Denying Contention Interrogatories Prior to Claim Construction Hearings and Until Discovery Is "Almost Complete"

A denial of the contention interrogatory at this early stage of litigation is consistent with the

practice of this District.  This District often denies requests to compel contention interrogatories before *Markman* hearings (such as [24]7's request).  *See, e.g., Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 3:12-cv-5501, D.I. 53 (N.D. Cal. May 1, 2013) (rejecting argument that further response to non-infringement contention interrogatory was necessary prior to claim construction); *Amgen Inc. v. Sandoz Inc.*, No. 3:14-cv-4741, 2016 U.S. Dist. LEXIS 31116, *11 (N.D. Cal. Mar. 10, 2016) ("In accordance with this Order, Sandoz may propound [the contention] interrogatories at an appropriate time after claim construction and near the close of discovery."); *Amgen Inc. v. Sandoz Inc*., No. 3:14-cv-4741, 2016 U.S. Dist. LEXIS 33431, *10-14 (N.D. Cal. Mar. 15, 2016) (denying "[contention] Interrogatory No. 10 without prejudice to propounding such an interrogatory at an appropriate time after claim construction and near the close of discovery.").

"[C]ourts tend to deny contention interrogatories filed before substantial discovery has taken place, but grant them if discovery almost is complete."  *HTC Corp. v. Tech. Props. Ltd.*, No. 5:08-cv-882, 2011 U.S. Dist. LEXIS 4531, *6 (N.D. Cal. Jan. 12, 2011).  Here, discovery is in no way almost complete.  As in *HTC,* "no party depositions have taken place" and "no [] discovery cut-off date has been set."  *Id.* at *7.  Because discovery is not almost complete, [24]7 has the burden to show why contention interrogatories are necessary.  *Id.* at *7-8.  [24]7 offers only one hypothetical reason for early contention interrogatories: "limit[ing] the scope of the *Markman* hearing."  In support, [24]7 cites a Northern District of Illinois case.  But unlike the Northern District of Illinois at that time, this District limits *Markman* hearings to construing only 10 terms and sets out specific times for the parties to meet and confer to focus the claim construction issues.  Patent L.R. 4-1(b).  It is unlikely that [24]7's contention interrogatory could further limit the scope of the *Markman* hearing beyond the limitations already set by the Rules.  Nor should [24]7 need LivePerson's noninfringement contentions to develop its own claim construction positions, because [24]7 presumably complied with its Rule 11 obligation to construe the claims before bringing suit.  *Antonious v. Spalding & Evenflo Cos.*, 275 F.3d 1066, 1072 (Fed. Cir. 2002) ("Rule 11, in the context of patent infringement actions, [] require[s] that an attorney interpret the pertinent claims of the patent in issue before filing a complaint alleging patent infringement.").  [24]7's reliance on *In re ICON* and *Wilson* is misplaced because nothing in those cases suggests that a defendant should provide its non-infringement contentions prior to claim construction.

Contention interrogatory responses at this early stage of litigation are of "questionable value to the goal of efficien[cy]" because LivePerson's positions will likely rely on expert discovery.  *See, e.g., In re eBay Seller Antitrust Litig.*, No. 07-1882, 2008 U.S. Dist. LEXIS 102815, *6 (N.D. Cal. Dec. 11, 2008) ("[T]he tentative nature of any responses generated at this stage would be of questionable value to the goal of efficiently advancing the litigation."); *MediaTek Inc. v. Freescale Semiconductor, Inc.,* No. 4:11-cv-5341, 2014 U.S. Dist. LEXIS 85413, *15 (N.D. Cal. Jun. 20, 2014) ("[B]y propounding this interrogatory right on the heels of serving its invalidity contentions, Freescale was trying to get a preview of what MediaTek's rebuttal report would say.  The Court will not penalize MediaTek for providing its response – its expert rebuttal report – at the time appointed by the Court's scheduling order.").

      **B.**    **The Cases Cited by [24]7 Do Not Support 24[7]'s Position that LivePerson Should Answer the Interrogatory Before the *Markman* Hearing or Before [24]7 Reduces Its Number of Asserted Claims**

The cases cited by [24]7 do not require contention interrogatory responses before *Markman* hearing.  In *Halo Elecs., Inc. v. Bel Fuse Inc.*, non-infringement contentions were due on November 28, 2010, which was after the *Markman* order issued.  No. 5:07-cv-6222, D.I. 357 (N.D. Cal. Nov. 16, 2010).  In *Audatex N. Am. Inc. v. Mitchell Int'l, Inc.*, non-infringement contentions were due on October 17, 2014, which was after the *Markman* hearing. No. 3:13-cv-1523, D.I. 97 (S.D. Cal. Oct. 16, 2014).

LivePerson should also not be required to provide non-infringement positions that will ultimately not be litigated.  Even *Townshend* (which [24]7 cites) only required contention interrogatory responses after "receiving Townshend's amended PICs pursuant to the Court's order of July 5, 2007."  2007 U.S. Dist. LEXIS 65974, *9.  The July 5, 2007 order required Townshend to finalize its infringement positions.  No. 5:06-cv-5118, D.I. 47 at 4-5.  Here, LivePerson should similarly only be required to provide non-infringement contentions after [24]7 finalizes its own infringement positions by reducing the number of asserted claims under the scheduling order in this case.

### C.     [24]7's Contention Interrogatory Is An Impermissible Attempt To Shift the Burden to LivePerson to Define the Scope of [24]7's Case

LivePerson should not be required to help [24]7 satisfy ***its own burden*** to refine its theories and define the scope of its case.  [24]7 initially demanded access to LivePerson's highly confidential and proprietary source code in order to narrow its asserted claims.  (D.I. 74 at 4).  LivePerson provided its source code and other discovery.  It is now [24]7's burden to analyze this discovery to refine its own infringement theories and reduce its number of asserted claims.  It is impermissible for [24]7 to shift this burden to LivePerson by demanding that LivePerson analyze and opine on [24]7's 1046-page and 122-claim long infringement contentions in advance of [24]7 having done so itself to narrow its own claims.[1]  *See, e.g., Apple Inc. v. Samsung Elecs. Co.*, No. 5:12-cv-630, 2013 U.S. Dist. LEXIS 53409, *17 (N.D. Cal. Apr. 12, 2013) ("Apple's request impermissibly requires Samsung to prove Apple's case. Apple has made allegations regarding the features of Samsung's products; Samsung has made source code available for Apple to evaluate how those features operate. Samsung has no obligation to search its source code to extract the portions it thinks Apple thinks infringe — doing so in fact would lead to other problems regarding Samsung defining the scope of Apple's case.").  LivePerson has made its source code available.  [24]7 has the obligation to review the source code to finalize its own infringement theories.  Only then can LivePerson respond with its non-infringement contentions.

---

[1] [24]7 has a history of attempting to abuse contention discovery. In LivePerson's trade secret case against [24]7 in New York, [24]7 served LivePerson with a Rule 30(b)(6) contention deposition notice before the parties exchanged initial disclosures.  The court ruled that this was improper contention discovery.  *LivePerson, Inc. v. 24/7 Customer, Inc.*, No. 14-cv-1559, 2015 WL 4597546, at *6-7 (July 30, 2015).  [24]7 slightly modified its deposition notice and tried again.  The court again denied [24]7's attempt to take premature contention discovery testimony, and ordered that 30(b)(6) depositions occur near the close of fact discovery.  *LivePerson, Inc. v. 24/7 Customer, Inc.*, No. 14-cv-1559, D.I. 104 (Mar. 31, 2016).  The court also ordered that the parties respond to contention interrogatories near the close of fact discovery.  *See id.* (ordering parties to respond to contention interrogatories by August 1, 2016 with fact discovery set to close on August 26, 2016).

Respectfully submitted,

 /s/ Mark E. Miller
Mark E. Miller (State Bar No. 130200)
markmiller@omm.com
David R. Eberhart (State Bar No. 195474)
deberhart@omm.com
Geoffrey H. Yost (State Bar No. 159687)
gyost@omm.com
Alexander B. Parker (State Bar No. 264705)
aparker@omm.com
Bill Trac (State Bar No. 281437)
btrac@omm.com
Jay Choi (State Bar No. 302324)
jchoi@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111-3823
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

Susan D. Roeder (State Bar No. 160897)
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, CA  94025-7019

Carolyn S. Wall (*pro hac vice*)
O'MELVENY & MYERS LLP
Times Square Tower, 7 Times Square
New York, NY  10036

*Counsel for Plaintiff 24/7 Customer, Inc.*

Respectfully submitted,

 /s/ *Karen I. Boyd*
Karen I. Boyd (State Bar No. 189808)
boyd@turnerboyd.com
Louis Wai (State Bar No. 295089)
wai@turnerboyd.com
TURNER BOYD LLP
702 Marshall Street, Suite 640
Redwood City, CA 94063
Telephone: (650) 521-5930
Facsimile: (650) 521-5931

J. Michael Huget (*pro hac vice*)
mhuget@honigman.com
Sarah E. Waidelich (*pro hac vice*)
swaidelich@honigman.com
HONIGMAN MILLER SCHWARTZ AND COHN
LLP
315 E. Eisenhower Parkway, Suite 100
Ann Arbor, MI  48108
Telephone:  (734) 418-4254

Brian J. Arnold (*pro hac vice*)
barnold@honigman.com
HONIGMAN MILLER SCHWARTZ AND COHN
LLP
One South Wacker Dr., 28th Floor
Chicago, IL  60606-4617

*Counsel for Defendant LIVEPERSON, INC.*