UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 24/7 CUSTOMER, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>LIVEPERSON, INC.,<br><br>    Defendant. | Case No. 15-cv-02897-JST   (KAW)<br><br>**ORDER REGARDING 7/12/16 JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 82 |

On July 12, 2016, the parties filed a joint letter concerning Plaintiff [24]7 Customer, Inc.'s Special Interrogatory No. 6, which is a non-infringement contention interrogatory. (Joint Letter, Dkt. No. 82 at 1.) Defendant LivePerson, Inc. asserts that the interrogatory is premature and unduly burdensome.[1] (Joint Letter at 3.)

Upon review of the joint letter, and for the reasons set forth below, the Court finds that the interrogatory is premature.

## I. BACKGROUND

On June 22, 2015, Plaintiff [24]7 Customer, Inc. filed a lawsuit against Defendant LivePerson, Inc., alleging infringement on several patents pertaining to its customer engagement software platform.

Claim construction deadlines have been set as follows: the deadline to exchange preliminary claim construction and extrinsic evidence was July 25, 2016; the joint claim construction statement is due August 16, 2016; claim construction discovery closes on September 15, 2016; claim construction briefs are due in September and October 2016; and the *Markman*

---

[1] The parties did not attach Defendant's response to the interrogatory, so the Court does not know whether Defendant asserted any other objections to Interrogatory No. 6.

1  hearing is on December 6, 2016. (Dkt. No. 75.)

2      On July 12, 2016, the parties filed a joint discovery letter, in which Plaintiff seeks to
3  compel a response to its non-infringement contention interrogatory, which seeks "all factual and
4  legal bases for your contention, if any, that you do not infringe and have not infringed . . . ." (Joint
5  Letter at 1.) On July 15, 2016, the instant joint letter and all other discovery disputes in this case
6  were referred to the undersigned.

## II.   LEGAL STANDARD

8      The Federal Rules of Civil Procedure broadly interpret relevancy, such that each party has
9  the right to the discovery of "any nonprivileged matter that is relevant to any party's claim or
10 defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Discovery need not
11 be admissible to be discoverable. *Id.* The court, however, "must limit the frequency or extent of
12 discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or
13 duplicative, or can be obtained from some other source that is more convenient, less burdensome,
14 or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the
15 information by discovery in the action; or (iii) the proposed discovery is outside the scope
16 permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Furthermore, "[t]he court may, for good
17 cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or
18 undue burden or expense," including by precluding discovery, by conditioning disclosure or
19 discovery on specified terms, by preventing inquiry into certain matters, or by limiting the scope
20 of discovery to certain matters. Fed. R. Civ. P. 26(c)(1). "Rule 26(c) confers broad discretion on
21 the trial court to decide when a protective order is appropriate and what degree of protection is
22 required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

23     Rule 33 pertains to written interrogatories. "Courts using their Rule 33(a)(2) discretion
24 generally disfavor contention interrogatories asked before discovery is undertaken." *In re eBay*
25 *Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2008 WL 5212170, at *1 (N.D. Cal. Dec. 11,
26 2008). Indeed, "courts tend to deny contention interrogatories filed before substantial discovery
27 has taken place, but grant them if discovery is almost complete." *HTC Corp. v. Tech. Properties*
28 *Ltd.*, No. C08-00882 JF HRL, 2011 WL 97787, at *2 (N.D. Cal. Jan. 12, 2011)(quoting *In re eBay*

*Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2008 WL 5212170, at *1 (N.D. Cal. Dec. 11, 2008)). A party moving to compel responses to contention interrogatories at an early stage in litigation must show that the responses would "contribute meaningfully" to: (1) clarifying the issues in the case; (2) narrowing the scope of the dispute; (3) setting up early settlement discussion; or (4) exposing a substantial basis for a motion under Rule 11 or Rule 56. *In re Convergent Technologies Sec. Litig.*, 108 F.R.D. 328, 338-39 (N.D. Cal. 1985). Courts in this district place "a burden of justification" on a party seeking "answers to contention interrogatories before substantial documentary or testimonial discovery has been completed." *Amgen Inc. v. Sandoz Inc.*, No. 14-cv-04741-RS (MEJ), 2016 WL 913105, at *2 (N.D. Cal. Mar. 10, 2016) (citing *In re Convergent*, 108 F.R.D. at 338). To meet this burden, a party seeking early answers must present "specific, plausible grounds for believing that securing early answers to its contention questions will materially advance the goals of the Federal Rules of Civil Procedure." *In re Convergent*, 108 F.R.D. at 338-339.

### III.   DISCUSSION

The parties do not dispute that the information sought is relevant, such that Plaintiff is entitled to a supplemental response at some point in the litigation. Rather, at issue is whether Plaintiff's non-infringement contention interrogatory is premature given the early stage of discovery.

Plaintiff contends that Defendant should be prepared to respond by July 25, 2016, which is the date the preliminary claim constructions were scheduled to be exchanged, and requests a response by July 29, 2016. (Joint Letter at 2-3.) Defendant does not propose a response date, but claims that responding now is premature, and that it should "only be required to provide non-infringement contentions after [24]7 finalizes its own infringement positions by reducing the number of asserted claims under the scheduling order in this case." (Joint Letter at 5.) The scheduling order, however, contains two separate deadlines for reducing the asserted claims— September 15, 2016 and 28 days before expert disclosures— so the Court is unable to definitively determine when Defendant proposes to answer the interrogatory. (*See* Dkt. No. 75 at 1-2). The Court is not persuaded by Plaintiff's argument that Defendant is now equipped to meaningfully

1  respond based only on the preliminary claim constructions. Accordingly, the Court is only able to
2  resolve whether the contention interrogatory is premature at this juncture.

3  Plaintiff argues that the non-infringement contention interrogatory "will substantially assist
4  in clarifying and narrowing the issues in dispute, including selection of claim terms for
5  construction and reducing the number of asserted claims." (Joint Letter at 1.) Additionally,
6  Plaintiff insists that a response at this stage in the litigation will both "clarify the issues and narrow
7  the scope of the dispute." *Id.* at 2. In opposition, Defendant contends that Plaintiff's amended
8  infringement contentions contain 122 patent claims over 1,046 pages, and requiring it "to finalize
9  and document responsive positions . . . at this stage of the litigation is unreasonably burdensome,
10 inconsistent with the practice of this District, and unfairly shifts [24]7's burden to LivePerson."
11 (Joint Letter at 3.)

12 The Court agrees with Defendant, and finds *HTC Corp.* particularly instructive in
13 determining that a response to the contention interrogatory is premature. Here, as in *HTC Corp.*,
14 discovery is ongoing, as no party depositions have taken place and a discovery cut-off date has not
15 been set. 2011 WL 97787, at *2. Indeed, "it is difficult to clarify substantially the issues in the
16 case or narrow the scope of the dispute before important discovery—such as party depositions—
17 have been conducted." *Id.* In support of its position, Plaintiff cites *HTC Corp.* in claiming that
18 "HTC agreed to produce non-infringement contentions 30 days after service of the parties' joint
19 claim construction statement." (Joint Discovery Letter at 3.) While true, the court only ordered
20 HTC to provide the responses on the timeline it had originally proposed, rather than based solely
21 on the claim construction briefing schedule. *HTC Corp.*, 2011 WL 97787, at *3.

22 Moreover, despite its protestations to the contrary, Plaintiff has not shown how responding
23 to the contention interrogatory before substantial discovery has been conducted will contribute
24 meaningfully to clarifying the issues in the case or narrowing the scope of the dispute. *See Amgen*
25 *Inc. v. Sandoz Inc.*, No. 14-cv-04741-RS (MEJ), 2016 WL 913105, at *3 (N.D. Cal. Mar. 10,
26 2016). Plaintiff also does not argue that settlement discussions, Rule 11 or Rule 56 motions
27 support a response to the interrogatory before significant discovery is undertaken. *HTC Corp.*,
28 2011 WL 97787, at *2-3; *see also In re Convergent*, 108 F.R.D. at 338-39. Indeed, Defendant's

4

"positions will likely rely on expert discovery." (Joint Letter at 4.) Accordingly, and considering Rule 26's proportionality requirement, any response to the non-infringement contention interrogatory is premature at this juncture, as the benefit is not only minimal, but is surely outweighed by the burden imposed by responding to 122 claims when the claims are in the process of being whittled down. *See* Fed. R. Civ. P. 26(b)(1).

To aid the parties in their meet and confer efforts, the undersigned is persuaded by the reasoning in *Audatex*, which compelled a supplemental response after the completion of claim construction briefing,[2] the exchange of written discovery, and at least one deposition. *Audatex N. Am. Inc. v. Mitchell Int'l, Inc.*, No. 13-cv-1523-BEN (BLM), 2014 WL 4961437, at *4 (S.D. Cal. Oct. 3, 2014), reconsideration denied, No. 13-cv-1523-BEN (BLM), 2014 WL 6469425 (S.D. Cal. Nov. 14, 2014). The Court cannot, however, without further briefing, determine whether Defendant requires the benefit of a claim construction order to meaningfully respond. *See Amgen Inc. v. Sandoz Inc.*, No. 14-cv-04741-RS (MEJ), 2016 WL 913105, at *3 (N.D. Cal. Mar. 10, 2016).

### IV.     CONCLUSION

In light of the foregoing, the Court DENIES WITHOUT PREJUDICE Plaintiff's request to compel a response to Interrogatory No. 6 on the grounds that a response is premature. The parties shall meet and confer regarding when a response would be appropriate given the claim construction briefing schedule, and the undersigned is confident, given the guidance provided above, that the parties can resolve this issue without further court intervention.

IT IS SO ORDERED.

Dated: July 29, 2016

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

[2] Plaintiff erroneously states that the parties in *Audatex* "had merely exchanged 'preliminary and responsive claim construction contentions' at the time non-infringement contentions were ordered." (Joint Letter at 3.) To the contrary, claim construction briefing was complete when the order granting the motion to compel was filed, and the claim construction hearing occurred less than two weeks later. *See* Claim Construction Order, *Audatex N. Am. Inc. v. Mitchell Int'l, Inc.*, No. 13-cv-1523-BEN (BLM) (S.D. Cal. Nov. 6, 2014), ECF No. 115.