UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 24/7 CUSTOMER, INC., <br><br> Plaintiff, <br><br> v. <br><br> LIVEPERSON, INC., <br><br> Defendant. | Case No. 15-cv-02897-JST   (KAW) <br><br> **ORDER REGARDING 8/12/16 JOINT DISCOVERY LETTER** <br><br> Re: Dkt. No. 86 |

On August 12, 2016, the parties filed a joint letter concerning Plaintiff [24]7 Customer, Inc.'s contention that Defendant LivePerson, Inc.'s source code production is insufficient on the grounds that it is not reasonably reviewable or searchable. (Joint Letter, Dkt. No. 86 at 1, 3.) Defendant asserts that the protective order does not require creating a capability to search across the entire repository of files when that is not how it is ordinarily maintained. (Joint Letter at 4.)

Upon review of the joint letter, and for the reasons set forth below, the Court orders LivePerson to either provide a secured computer with the entire SVN repository and Github or come up with a solution that permits the download of the SVN repository without timing out.

## I.   BACKGROUND

On June 22, 2015, Plaintiff [24]7 Customer, Inc. filed a lawsuit against Defendant LivePerson, Inc. alleging infringement on several patents pertaining to its customer engagement software platform.

On December 18, 2015, the parties entered into a stipulated protective order. (Protective Order, Dkt. No. 52.) Therein, the parties agreed that "[a]ny source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreed times, at an office of the

1   Producing Party's Counsel or another mutually agreed upon location." (Protective Order § 9.1(a).)

2   Furthermore,

3       [a]ll source code shall be made available by the Producing Party to the Receiving Party's Outside Counsel of Record and/or experts on a secured computer in a secured room without Internet access or network access to other computers, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any source code outside or away from the computer on which the source code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room").

7   (Protective Order § 9.1(b).)

8       LivePerson's source code is securely stored and organized on two systems: 1) Subversion ("SVN"), and 2) "Github." (Joint Letter at 3.) Github provides LivePerson developers the capability to search through the entire Github source code repository. *Id.* SVN does not, however, provide developers with the capability to search through the entire SVN source code repository. *Id.* Instead, searching on SVN can be done by first downloading from the SVN server as many files as the user wishes and then searching across the downloaded files. *Id.* There is no limit to the number of files a user may download. *Id.* A user cannot currently download the entire repository overnight. (Joint Letter at 5.)

## II.   DISCUSSION

    [24]7 contends that LivePerson is obligated to produce its source code in a manner that is reasonably reviewable and searchable, and seeks an order compelling Defendant to "produce on a local computer (a) the entire SVN repository and (b) the source code for the most current release version of LivePerson's software." (Joint Letter at 3.)

    LivePerson contends that its current production complies with the Protective Order, and that it is not required to create a search capability that does not exist. (Joint Letter at 4-5.) While Defendant is correct that it need only produce the source code in the way that it is ordinarily maintained, it is incorrect that it does not have to produce a local copy. (Joint Letter at 4.) To the contrary, the Protective Order provides that the Producing Party make the source code available on a secured computer. (Protective Order § 9.1(b).) Thus, the position that Plaintiff may download as many files as it wants—even though its remote access is repeatedly timed out—is unreasonable when there are 76 million documents. This is apparently not a situation that could be remedied by

1 logging in a handful of times and downloading all of the source code to enable Plaintiff to conduct
2 a thorough review.
3 Accordingly, LivePerson has two options: provide a secured computer pursuant to the
4 Protective Order, or identify a way for [24]7 to remotely download the entire repository, so that, in
5 either case, Plaintiff has the capability of performing a search the source code repository using
6 Github.
7 Notwithstanding Plaintiff's request to the contrary, Defendant need not identify the source
8 code that constitutes the "current version."

### III.   CONCLUSION

As set forth above, Defendant LivePerson, Inc. is ordered to produce the entire SVN source code repository either on a secured computer, in accordance with the Protective Order, or via remote access download. The parties are further ordered to meet and confer regarding the production, and the Court is confident that any potential disputes may be resolved without court intervention.

IT IS SO ORDERED.

Dated: August 29, 2016

KANDIS A. WESTMORE
United States Magistrate Judge