Mark E. Miller (S.B. #130200) markmiller@omm.com
David R. Eberhart (S.B. #195474) deberhart@omm.com
Bill Trac (S.B. #281437) btrac@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

Susan D. Roeder (S.B. #160897) sroeder@omm.com
**O'MELVENY & MYERS LLP**
2765 Sand Hill Road
Menlo Park, CA 94025-7019

Carolyn S. Wall (pro hac vice) cwall@omm.com
**O'MELVENY & MYERS LLP**
Times Square Tower, 7 Times Square
New York, New York 10036

Attorneys for Plaintiffs
24/7 Customer, Inc. and 24/7 Customer International Holdings, Ltd.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| 24/7 Customer, Inc. and 24/7 Customer International Holdings, Ltd.,<br><br>Plaintiffs,<br><br>v.<br><br>LivePerson, Inc.,<br><br>Defendant. | Case No. 3:15-CV-02897-JST<br><br>**SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND** |

Plaintiffs 24/7 Customer, Inc. and 24/7 Customer International Holdings, Ltd. (collectively, "[24]7" or "Plaintiffs") hereby allege in their Complaint against Defendant LivePerson, Inc. ("LivePerson" or "Defendant") as follows:

## PARTIES

1. Plaintiff 24/7 Customer, Inc. is a California corporation with its principal place of business at 910 E. Hamilton Avenue, Suite 240, Campbell, California. Plaintiff 24/7 Customer International Holdings, Ltd. is a limited company incorporated under the laws of the Cayman Islands with an office at Ugland House, South Church Street, George Town, Grand Cayman, KY1-1104.

2. LivePerson is a Delaware corporation with its principal place of business at 475 10th Ave, 5th Floor, New York, New York.

3. LivePerson provides live-interaction and customer engagement technology for clients in the retail, financial services, technology, education, media, entertainment, and travel industries.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code, including, but not limited to, 35 U.S.C. § 271.

5. This court has original jurisdiction over patent infringement claims under 28 U.S.C. §§ 1331 and 1338(a).

6. Personal jurisdiction is proper over Defendant LivePerson, because LivePerson conducts business, provides services, and committed acts of patent infringement in California.

7. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## GENERAL ALLEGATIONS

8. [24]7 provides a software platform that uses consumer data and [24]7's proprietary systems and methods to help companies anticipate, simplify, and learn in order to provide smarter and more effective multi-channel customer service. [24]7 has secured numerous patents that cover its innovations in the field of customer engagement, prediction, and analytics, including

United States Patent Nos. 7,228,278; 7,747,438; 8,396,741; 8,737,599; and 9,077,804.

9. United States Patent No. 7,228,278 (the '278 Patent) is titled "Multi-Slot Dialog Systems and Methods" and issued June 5, 2007. A copy of the '278 Patent is attached as Exhibit A.

10. 24/7 Customer, Inc. owns all rights, title, and interest in the '278 Patent, including the sole and exclusive right to sue for infringement of the '278 Patent. 24/7 Customer, Inc. has granted 24/7 Customer International Holdings, Ltd. an exclusive field of use license under the '278 Patent.

11. United States Patent No. 7,747,438 (the '438 Patent) is titled "Multi-Slot Dialog Systems and Methods" and issued June 29, 2010. A copy of the '438 Patent is attached as Exhibit B.

12. 24/7 Customer, Inc. owns all rights, title, and interest in the '438 Patent, including the sole and exclusive right to sue for infringement of the '438 Patent. 24/7 Customer, Inc. has granted 24/7 Customer International Holdings, Ltd. an exclusive field of use license under the '438 Patent.

13. United States Patent No. 8,396,741 (the '741 Patent) is titled "Mining Interactions to Manage Customer Experience Throughout a Customer Service Lifecycle" and issued March 12, 2013. A copy of the '741 Patent is attached as Exhibit C.

14. 24/7 Customer, Inc. owns all rights, title, and interest in the '741 Patent, including the sole and exclusive right to sue for infringement of the '741 Patent. 24/7 Customer, Inc. has granted 24/7 Customer International Holdings, Ltd. an exclusive field of use license under the '741 Patent.

15. United States Patent No. 8,737,599 (the '599 Patent) is titled "Interaction Management" and issued May 27, 2014. A copy of the '599 Patent is attached as Exhibit D.

16. 24/7 Customer, Inc. owns all rights, title, and interest in the '599 Patent, including the sole and exclusive right to sue for infringement of the '599 Patent. 24/7 Customer, Inc. has granted 24/7 Customer International Holdings, Ltd. an exclusive field of use license under the

'599 Patent.

17.  United States Patent No. 9,077,804 (the '804 Patent) is titled "Interaction Management" and issued July 7, 2015.  A copy of the '804 Patent is attached as Exhibit E.

18.  24/7 Customer, Inc. owns all rights, title, and interest in the '804 Patent, including the sole and exclusive right to sue for infringement of the '804 Patent.  24/7 Customer, Inc. has granted 24/7 Customer International Holdings, Ltd. an exclusive field of use license under the '804 Patent.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,228,278**

19.  [24]7 repeats and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if repeated in full here.

20.  The '278 Patent provides systems and methods for constructing and processing a dialog with a user.  The '278 Patent discloses, *inter alia*, a method of collecting information through a multi-slot dialog by (1) outputting a prompt to elicit values from a user, (2) receiving a user response, (3) processing the user response to determine a possible recognition value, and (4) repeating the steps of outputting, receiving, and processing until all slots are filled.

21.  Defendant infringes the '278 Patent by, *inter alia*, making, using, selling, offering for sale, importing, and supporting Defendant's live-interaction platform, technology systems, and services for sales, customer service, and marketing applications.  Defendant has acted without authority or license from [24]7, in violation of 35 U.S.C. § 271(a).

22.  Defendant induces others to infringe one or more claims of the '278 Patent in violation of 35 U.S.C. § 271(b).  At least as early as the date of service of [24]7's Complaint, Defendant has knowingly induced its customers and its potential customers to infringe the '278 Patent with the specific intent to encourage such infringement.

23.  Defendant contributorily infringes one or more claims of the '278 Patent in violation of 35 U.S.C. § 271(c).  Defendant sells and offers to sell its live-interaction platform, technology systems, and services for use in practicing the patented process disclosed in the '278 Patent.  Defendant's live-interaction platform, technology systems, and services are material to

practicing the invention.  Defendant's live-interaction platform, technology systems, and services have no substantial non-infringing uses.  At least as early as the date of service of [24]7's Complaint, Defendant knows that its live-interaction platform, technology systems, and services are especially made or especially adapted for use in infringement of the '278 Patent.

24. [24]7 has suffered damages as a result of Defendant's infringement of the '278 Patent.

25. Defendant's infringement, contributory infringement and inducement of infringement is literal infringement or, in the alternative, infringement under the doctrine of equivalents.

26. Defendant will continue to infringe, induce others to infringe, and/or engage in contributory infringement of the '278 Patent unless enjoined by the Court.

27. Defendant's acts of infringement have caused and, unless enjoined by this Court, will continue to cause [24]7 to sustain irreparable damage, loss and injury, for which [24]7 has no adequate remedy at law.

### COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,747,438

28. [24]7 repeats and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if repeated in full here.

29. The '438 Patent provides a computer readable medium that constructs and processes a dialog with a user.  The '438 Patent discloses *inter alia*, a computer readable medium that (1) outputs a prompt to elicit values from a user, (2) receives a user response, (3) processes the user response to determine a possible recognition value, and (4) repeats the steps of outputting, receiving, and processing until all slots are filled.

30. Defendant infringes the '438 Patent by, *inter alia*, making, using, selling, offering for sale, importing, and supporting Defendant's live-interaction platform, technology systems, and services for sales, customer service, and marketing applications.  Defendant has acted without authority or license from [24]7, in violation of 35 U.S.C. § 271(a).

31. Defendant induces others to infringe one or more claims of the '438 Patent in

violation of 35 U.S.C. § 271(b).  At least as early as the date of service of [24]7's Complaint, Defendant has knowingly induced its customers and its potential customers to infringe the '438 Patent with the specific intent to encourage such infringement.

32. Defendant contributorily infringes one or more claims of the '438 Patent in violation of 35 U.S.C. § 271(c).  Defendant sells and offers to sell its live-interaction platform, technology systems, and services for use in practicing the patented process disclosed in the '438 Patent.  Defendant's live-interaction platform, technology systems, and services are material to practicing the invention.  Defendant's live-interaction platform, technology systems, and services have no substantial non-infringing uses.  At least as early as the date of service of [24]7's Complaint, Defendant knows that its live-interaction platform, technology systems, and services are especially made or especially adapted for use in infringement of the '438 Patent.

33. [24]7 has suffered damages as a result of Defendant's infringement of the '438 Patent.

34. Defendant's infringement, contributory infringement, and inducement of infringement is literal infringement or, in the alternative, infringement under the doctrine of equivalents.

35. Defendant will continue to infringe, induce others to infringe, and/or engage in contributory infringement of the '438 Patent unless enjoined by the Court.

36. Defendant's acts of infringement have caused and, unless enjoined by this Court, will continue to cause [24]7 to sustain irreparable damage, loss and injury, for which [24]7 has no adequate remedy at law.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 8,396,741

37. [24]7 repeats and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if repeated in full here.

38. The '741 Patent provides methods and systems for managing a customer experience.  The '741 Patent discloses, *inter alia*, (1) conducting a customer-agent interaction on a platform, (2) gathering, ingesting, and processing data relevant to a customer experience, (3)

performing at least one follow up survey following the interaction, and (4) analyzing the effectiveness a customer service representative.

39. Defendant infringes the '741 Patent by, *inter alia*, making, using, selling, offering for sale, importing, and supporting Defendant's live-interaction platform, technology systems, and services for sales, customer service, and marketing applications. Defendant's technology, which purportedly "allows business clients to maximize the efficiency and effectiveness of human customer service agents in their call centers" and "increase[s] customer satisfaction scores" infringes one or more of the claims of the '741 Patent. Defendant has acted without authority or license from [24]7, in violation of 35 U.S.C. § 271(a).

40. Defendant induces others to infringe one or more claims of the '741 Patent in violation of 35 U.S.C. § 271(b). At least as early as the date of service of [24]7's Complaint, Defendant has knowingly induced its customers and its potential customers to infringe the '741 Patent with the specific intent to encourage such infringement.

41. Defendant has contributorily infringed one or more claims of the '741 Patent in violation of 35 U.S.C. § 271(c). Defendant sells and offers to sell its live-interaction platform, technology systems, and services for use in practicing the patented process disclosed in the '741 Patent. Defendant's live-interaction platform, technology systems, and services are material to practicing the invention. Defendant's live-interaction platform, technology systems, and services have no substantial non-infringing uses. At least as early as the date of service of [24]7's Complaint, Defendant knows that its live-interaction platform, technology systems, and services are especially made or especially adapted for use in infringement of the '741 Patent.

42. [24]7 has suffered damages as a result of Defendant's infringement of the '741 Patent.

43. Defendant's infringement, contributory infringement and inducement of infringement is literal infringement or, in the alternative, infringement under the doctrine of equivalents.

44. Defendant will continue to infringe, induce others to infringe, and/or engage in

contributory infringement of the '741 Patent unless enjoined by the Court.

45. Defendant's acts of infringement have caused and, unless enjoined by this Court, will continue to cause [24]7 to sustain irreparable damage, loss and injury, for which [24]7 has no adequate remedy at law.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 8,737,599

46. [24]7 repeats and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if repeated in full here.

47. The '599 Patent provides systems for managing an online interaction between a customer and agent. The '599 Patent discloses an interaction engine that is able to, *inter alia*, (1) send a link to a customer at an agent's request, (2) access a database containing information about the customer and agent, (3) monitor the customer's actions, and (4) leverage predictive technologies.

48. Defendant infringes the '599 Patent by, *inter alia*, making, using, selling, offering for sale, importing, and supporting Defendant's live-interaction platform, technology systems, and services for sales, customer service, and marketing applications. Defendant's technology, which purportedly enables businesses to interact in real-time with their website visitors and provides real-time data that tracks customers and agents infringes one or more of the claims of the '599 Patent. Defendant has acted without authority or license from [24]7, in violation of 35 U.S.C. § 271(a).

49. Defendant induces others to infringe one or more claims of the '599 Patent in violation of 35 U.S.C. § 271(b). At least as early as the date of service of [24]7's Complaint, Defendant has knowingly induced its customers and its potential customers to infringe the '599 Patent with the specific intent to encourage such infringement.

50. Defendant contributorily infringes one or more claims of the '599 Patent in violation of 35 U.S.C. § 271(c). Defendant sells and offers to sell its live-interaction platform, technology systems, and services for use in practicing the patented process disclosed in the '599 Patent. Defendant's live-interaction platform, technology systems, and services are material to

practicing the invention. Defendant's live-interaction platform, technology systems, and services have no substantial non-infringing uses. At least as early as the date of service of [24]7's Complaint, Defendant knows that its live-interaction platform, technology systems, and services are especially made or especially adapted for use in infringement of the '599 Patent.

51. [24]7 has suffered damages as a result of Defendant's infringement of the '599 Patent.

52. Defendant's infringement, contributory infringement and inducement of infringement is literal infringement or, in the alternative, infringement under the doctrine of equivalents.

53. Defendant will continue to infringe, induce others to infringe, and/or engage in contributory infringement of the '599 Patent unless enjoined by the Court.

54. Defendant's acts of infringement have caused and, unless enjoined by this Court, will continue to cause [24]7 to sustain irreparable damage, loss and injury, for which [24]7 has no adequate remedy at law.

**COUNT V: INFRINGEMENT OF U.S. PATENT NO. 9,077,804**

55. [24]7 repeats and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if repeated in full here.

56. The '804 Patent provides systems for managing an online interaction between a customer and agent. The '804 Patent discloses an interaction engine that is able to, *inter alia*, (1) send a link to a customer at an agent's request and (2) allow the agent to proactively monitor progress of the customer.

57. Defendant infringes the '804 Patent by, *inter alia*, making, using, selling, offering for sale, importing, and supporting Defendant's live-interaction platform, technology systems, and services for sales, customer service, and marketing applications. Defendant's technology, which purportedly enables businesses to interact in real-time with their website visitors and provides real-time data that tracks customers and agents infringes one or more of the claims of the '804 Patent. Defendant has acted without authority or license from [24]7, in violation of 35

- 9 -

SECOND AMENDED COMPLAINT FOR PATENT
INFRINGEMENT AND JURY DEMAND
CASE NO. 3:15-CV-02897-JST

U.S.C. § 271(a).

58. Defendant induces others to infringe one or more claims of the '804 Patent in violation of 35 U.S.C. § 271(b). At least as early as the date of service of [24]7's First Amended Complaint, Defendant has knowingly induced its customers and its potential customers to infringe the '804 Patent with the specific intent to encourage such infringement.

59. Defendant contributorily infringes one or more claims of the '804 Patent in violation of 35 U.S.C. § 271(c). Defendant sells and offers to sell its live-interaction platform, technology systems, and services for use in practicing the patented process disclosed in the '804 Patent. Defendant's live-interaction platform, technology systems, and services are material to practicing the invention. Defendant's live-interaction platform, technology systems, and services have no substantial non-infringing uses. At least as early as the date of service of [24]7's First Amended Complaint, Defendant knows that its live-interaction platform, technology systems, and services are especially made or especially adapted for use in infringement of the '804 Patent.

60. [24]7 has suffered damages as a result of Defendant's infringement of the '804 Patent.

61. Defendant's infringement, contributory infringement and inducement of infringement is literal infringement or, in the alternative, infringement under the doctrine of equivalents.

62. Defendant will continue to infringe, induce others to infringe, and/or engage in contributory infringement of the '804 Patent unless enjoined by the Court.

63. Defendant's acts of infringement have caused and, unless enjoined by this Court, will continue to cause [24]7 to sustain irreparable damage, loss and injury, for which [24]7 has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, [24]7 prays for judgment against Defendant as follows:

1. Preliminarily and permanently enjoining Defendant, its officers, agents, servants, and employees, and all persons acting in concert with them, and each of them, from infringing,

inducing others to infringe, and/or engaging in contributory infringement of the '278 Patent, the '438 Patent, the '741 Patent, the '599 Patent, and the '804 Patent.

2. Awarding [24]7 damages based on Defendant's infringement of the '278 Patent, the '438 Patent, the '741 Patent, the '599 Patent, and the '804 Patent in an amount according to proof, and trebling same by reason of the willful, wanton, and deliberate nature of such infringement;

3. Declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding [24]7 its attorneys' fees and costs in this action;

4. Assessing prejudgment interest on damages; and,

5. Awarding [24]7 such other and further relief as the Court deems just and equitable.

Dated:    October 31, 2016        /s/ Mark E. Miller

MARK E. MILLER (S.B. #130200)
markmiller@omm.com
DAVID R. EBERHART (S.B. #195474)
deberhart@omm.com

BILL TRAC (S.B. #281437)
btrac@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California  94111
Telephone (415) 984-8700
Facsimile (415) 984-8701

SUSAN D. ROEDER (S.B. # 160897)
sroeder@omm.com
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, CA 94025-7019

CAROLYN S. WALL (*pro hac vice*)
cwall@omm.com
O'MELVENY & MYERS LLP
Times Square Tower, 7 Times Square
New York, New York 10036

*Attorneys for Plaintiffs*
24/7 CUSTOMER, INC. and 24/7 Customer International Holdings, Ltd.

**DEMAND FOR JURY TRIAL**

[24]7 hereby demands trial by jury of all issues so triable under the law.

Dated:     October 31, 2016           */s/ Mark E. Miller*

MARK E. MILLER (S.B. #130200)
markmiller@omm.com
DAVID R. EBERHART (S.B. #195474)
deberhart@omm.com

BILL TRAC (S.B. #281437)
btrac@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California  94111
Telephone (415) 984-8700
Facsimile (415) 984-8701

SUSAN D. ROEDER (S.B. # 160897)
sroeder@omm.com
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, CA 94025-7019

CAROLYN S. WALL (*pro hac vice*)
cwall@omm.com
O'MELVENY & MYERS LLP
Times Square Tower, 7 Times Square
New York, New York 10036

*Attorneys for Plaintiffs*
24/7 CUSTOMER, INC. and 24/7 Customer International Holdings, Ltd.