UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 24/7 CUSTOMER, INC.,<br>    Plaintiff,<br>  v.<br>LIVEPERSON, INC.,<br>    Defendant. | Case No. 3:15-cv-02897-JST (KAW)<br><br>**ORDER REGARDING 10/17/16 JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 92 |

On October 17, 2016, the parties filed a joint letter concerning Defendant LivePerson, Inc.'s request to amend its invalidity contentions. (Joint Letter, Dkt. No. 92 at 1.) Plaintiff [24]7 Customer, Inc. argues that good cause does not exist, because Defendant was not diligent in seeking leave to amend and [24]/7 will be prejudiced if leave to amend is granted. (Joint Letter at 3.)

Upon review of the joint letter, and for the reasons set forth below, the Court GRANTS LivePerson's request to amend its invalidity contentions.

## I. BACKGROUND

On June 22, 2015, Plaintiff [24]7 Customer, Inc. filed a lawsuit against Defendant LivePerson, Inc. alleging infringement on several patents pertaining to its customer engagement software platform.

On March 23, 2016, [24]7 served its infringement contentions, which included 122 asserted claims across 13 patents. (Joint Letter at 1.) On June 20, 2016, LivePerson served its invalidity contentions for all 122 claims. *Id.* The initial invalidity contentions broadly asserted that "[t]he asserted claims of the [patents-in-suit] are also invalid under 35 U.S.C. § 112." *Id.*

On July 25, 2016, LivePerson informed [24]7 of its intention to amend the invalidity

contentions to assert that certain claims were invalid under 35 U.S.C. § 112 immediately after discovering its positions. *Id.* [24]7 contends that it responded immediately, stating that the newly disclosed positions were "improper, untimely, and ineffective." (Joint Letter at 5.) [24]7 claims that LivePerson did not respond. *Id.*

On September 1, 2016, LivePerson requested to meet and confer regarding a motion to amend the invalidity contentions. (Joint Letter at 2.) On September 19, 2016, [24]7 responded that it opposed such a motion. *Id.* It does not appear that the parties sufficiently engaged in good faith meet and confer efforts regarding the proposed amendment despite their attestations to the contrary.

On October 17, 2016, the parties filed the instant joint letter in which LivePerson seeks leave to amend its invalidity contentions, pursuant to Patent L.R. 3-6, to contend that certain claims are invalid under 35 U.S.C. § 112.

## II. LEGAL STANDARD

"The local patent rules in the Northern District of California . . . require both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.,* 467 F.3d 1355, 1365–66 (Fed. Cir. 2006). The Patent Local Rules seek to achieve this objective by requiring invalidity contentions to be served early in the case to disclose:

> (1) the identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious, Patent L.R. 3–3(a); (2) whether each of those items of prior art anticipates each asserted claim or renders it obvious, Patent L.R. 3–3(b); (3) a chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, Patent L.R. 3–3(c); and [(4)] any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims, Patent L.R. 3-3(d).

*Largan Precision Co., Ltd. v. Genius Elec. Optical Co.,* No. 13–CV–02502–JD, 2014 WL 6882275, at *1 (N.D. Cal. Dec. 5, 2014).

"Any invalidity theories not disclosed pursuant to Local Rule 3-3 are barred . . . from presentation at trial (whether through expert opinion testimony or otherwise)." *MediaTek Inc. v.*

2

1  *Freescale Semiconductor, Inc.,* No. 11–CV–5341–YGR, 2014 WL 690161, at *1 (N.D. Cal. Feb.

2  21, 2014) (citing *Avago Techs. Gen. IP PTE Ltd. v. Elan Microelectronics Corp.,* 2007 WL

3  2103896, at *1 (N.D. Cal. July 20, 2007)).

4        Patent Local Rule 3-6 allows a party to amend its invalidity contentions only upon a

5  showing of good cause:

> Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause. Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include:(a) A claim construction by the Court different from that proposed by the party seeking amendment; (b) Recent discovery of material, prior art despite earlier diligent search; and (c) Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

11  Patent L.R. 3-6.  The good cause inquiry is two-fold: (1) whether the moving party was diligent in

12  amending its contentions; and (2) whether the non-moving party would suffer prejudice if the

13  motion to amend were granted. *Barco N.V. v. Tech. Properties Ltd.*, 2011 WL 3957390, at * 1

14  (N.D. Cal. Sept. 7, 2011).  Other factors relevant to this inquiry include the "relevance of newly-

15  discovered prior art, whether the request to amend is motivated by gamesmanship, and whether the

16  opposing party will be prejudiced by the amendment." *West v. Jewelry Innovations, Inc.*, 2009 WL

17  152136, at *2 (N.D. Cal. Jan. 22, 2009).  The moving party has the burden of demonstrating good

18  cause. *O2 Micro Int'l*, 467 F.3d at 1366.

### III.  DISCUSSION

20      LivePerson argues that it has good cause to amend its invalidity contentions, because it

21  acted diligently and there is no prejudice to [24]7. (Joint Letter at 1-3.)

22      **A.  Whether LivePerson was diligent in seeking amendment.**

23      LivePerson served its initial invalidity contentions on June 20, 2016, and claims that it first

24  made its § 112 positions known to [24]7 on July 25, 2016, immediately after discovery. (Joint

25  Letter at 1.)  Furthermore, LivePerson contends that its initial invalidity contentions already gave

26  notice by broadly contending that "[t]he asserted claims of the [patents-in-suit] are also invalid

27  under 35 U.S.C. § 112." *Id.*  LivePerson's supplemental contentions, dated September 1, 2016,

28  assert that several claims for the Asserted Patents are invalid as indefinite under § 112. (*See* Joint

3

Letter, Ex. A.)

In opposition, [24]7 argues that LivePerson was not diligent, because the indefiniteness contentions could have been identified based solely on the Asserted Patents, and, therefore, should have been in the initial contentions served on June 20, 2016. (Joint Letter at 3.) [24]7 argues that, as a result, any amendment is not timely. *Id.* [24]7 further argues that LivePerson missed the July 5, 2016 deadline to identify those issues with the proposed claim terms for claim construction. *Id.* This, however, is not dispositive. Additionally, the cases [24]7 relies on are distinguishable. For example, in *Hewlett Packard Co. v. ServiceNow, Inc.*, ServiceNow conceded that the invalidity contentions were defective during the technology tutorial, so the court advised counsel to seek leave to amend. Instead, counsel sought a ruling that its invalidity contentions did not require amendment on the grounds that it duly raised § 112(f) arguments against the asserted patents in its initial contentions. 2016 WL 692828, at *1 (N.D. Cal. Feb. 19, 2016). Here, the tutorial has recently occurred, and Defendant is proactively seeking to amend its contentions prior to the claim construction hearing.

"The local rules on [invalidity] contentions are 'not a straitjacket into which litigants are locked from the moment their contentions are served. There is a modest degree of flexibility, at least near the outset.'" *Largin Precision Co, Ltd.*, 2014 WL 6882275, at *1 (quoting *Comcast Cable Comm'ns Corp., LLC v. Finisar Corp.*, 2007 WL 716131, at *2 (N.D. Cal. Mar. 2, 2007)). Again, the parties here have only completed claim construction discovery and have not completed claim construction itself. Further, LivePerson informed [24]7 of its new § 112 position one month after it served the initial invalidity contentions, and sought to meet and confer regarding the supplemental contentions a little more than one month later, on September 1, 2016, prior to the close of claim construction discovery. [24]7 responded on September 19, 2016, more than two weeks later, stating that it opposed any amendment. Thus, the passage of a couple of months cannot be wholly attributed to LivePerson.

Accordingly, the Court finds that LivePerson has been diligent in seeking amendment.

**B.     Whether [24]7 would be prejudiced if the motion to amend is granted.**

[24]7 contends that it will be prejudiced if LivePerson is permitted leave to amend,

4

1  because [24]7 has already selected terms for claim construction, submitted its claim construction
2  positions, filed its opening brief, and selected claims for assertion. (Joint Letter at 5.)  The Court
3  notes, however, that had [24]7 been amenable to amendment on September 1, 2016, prior to the
4  close of claim construction discovery, most of those deadlines would not have passed.  As such,
5  [24]7's contentions that, had LivePerson timely identified its § 112 arguments, it may have chosen
6  different terms for claim construction and different claims for assertion, are not credible for two
7  reasons. (*See* Joint Letter at 5.)  First, at the latest, [24]7 was on notice of LivePerson's § 112
8  positions on September 1, 2016, when LivePerson served its supplemental invalidity contentions.
9  While the proposed terms were already identified, [24]7 does not identify any of the terms that it
10 believes would have to be construed given the new theories of invalidity, rendering the argument
11 that different terms may have been chosen as mere speculation.  Second, amendment to invalidity
12 contentions may be permitted after the claim construction order is issued, so the fact that
13 LivePerson seeks amendment prior to the order being issued is not dispositive. *See* Patent L.R. 3-
14 6.
15       Thus, [24]7 has failed to show that it would truly suffer prejudice if LivePerson is
16 permitted to amend its invalidity contentions.

## IV.   CONCLUSION

In light of the foregoing, LivePerson's request to amend its invalidity contentions is GRANTED, and LivePerson shall serve its amended contentions within 21 days.

IT IS SO ORDERED.

Dated: November 14, 2016

_____
KANDIS A. WESTMORE
United States Magistrate Judge