| | |
|---|---|
| DARIN W. SNYDER (S. B. #136003) <br> dsnyder@omm.com <br> MARK E. MILLER (S.B. #130200) <br> markmiller@omm.com <br> GEOFFREY H. YOST (S.B. #159687) <br> gyost@omm.com <br> ANNE E. HUFFSMITH (s.b. #236438) <br> ahuffsmith@omm.com <br> ALEXANDER B. PARKER (S.B. #264705) <br> aparker@omm.com <br> O'MELVENY & MYERS LLP <br> Two Embarcadero Center <br> 28th Floor <br> San Francisco, California  94111-3823 <br> Telephone:     +1 415 984 8700 <br> Facsimile:      +1 415 984 8701 <br><br> Attorneys for Defendant <br> [24]7.ai, Inc. | MICHAEL W. DE VRIES  (S.B. #211001) <br> michael.devries@kirkland.com <br> SHARRE LOTFOLLAHI (S.B. #258913) <br> sharre.lotfollahi  @kirkland.com <br> KIRKLAND & ELLIS LLP <br> 333 South Hope Street <br> Los Angeles, CA 90071 <br> Telephone: (213) 680-8400 <br> Facsimile: (213) 680-8500 <br><br> Attorneys for Plaintiff <br> LivePerson, Inc. |

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| LivePerson, Inc., <br><br> Plaintiff, <br><br> v. <br><br> [24]7.ai, Inc., <br><br> Defendant. | Case No. 3:17-CV-01268-JST |
| [24]7.ai, Inc. and 24/7 Customer International Holdings, Ltd., <br><br> Plaintiffs, <br><br> v. <br><br> LivePerson, Inc., <br><br> Defendant. | Case No. 3:15-CV-02897-JST (KAW) <br> (Lead Case) <br><br> Case No. 3:15-CV-05585-JST (KAW) <br><br> **STIPULATION AND [PROPOSED] ORDER RE: AUTHENTICITY OF THIRD PARTY DOCUMENTS** |

# STIPULATION

LivePerson, Inc. and ("LivePerson") and [24]7.ai, Inc. and 24/7 Customer Holdings, Inc. (collectively, "[24]7") have obtained documents from third parties in response to the service of subpoenas under Fed. R. Civ. P. 45 in *LivePerson, Inc. v. [24]7.ai, Inc.*, No. 3:17-cv-01268-JST, and *[24]7.ai, Inc. and 24/7 Customer International Holdings, Ltd. v. LivePerson, Inc.*, Nos. 3:15-cv-02897-JST (KAW) and 3:15-cv-05585-JST (KAW) (the "Actions").

The parties, subject to the approval of the Court, hereby agree and stipulate as follows:

1. Documents produced in the Actions by a third party in response to a subpoena under Fed. R. Civ. P. 45 ("third-party documents") shall be presumed authentic within the meaning of Federal Rule of Evidence 901 for the purposes of the Actions only.

2. Neither party will object to the authenticity of the third-party documents for the purposes of the Actions absent good cause. Good cause requires affirmative evidence that a document is not authentic, such as evidence that a document is not what it purports to be, is incomplete (e.g., missing or incomplete pages), or has been modified from the form in which the third party originally produced it.

3. For the purposes of the Actions only, a sworn declaration provided by a third party shall be deemed admissible sworn testimony for the sole purpose of establishing foundational facts regarding the admissibility of the third-party documents and [24]7 and LivePerson documents sent to or received from the third party into evidence, including facts demonstrating the applicability of an exception to the rule against hearsay pursuant to Federal Rule of Evidence 803. Any party seeking to admit such a third party declaration must serve such declaration on the opposing party by May 3, 2018.

**SO STIPULATED.**

| | |
|---|---|
| Dated: February 6 , 2018 | SHARRE LOTFOLLAHI<br>KIRKLAND & ELLIS LLP<br><br>By: /s/ *Sharre Lotfollahi*<br>Sharre Lotfollahi<br><br>Attorneys for Plaintiff<br>LivePerson, Inc. |
| Dated: February 6, 2018 | GEOFFREY H. YOST<br>O'MELVENY & MYERS LLP<br><br>By: /s/ *Geoffrey H. Yost*<br>Geoffrey H. Yost<br><br>Attorneys for Defendant<br>[24]7.ai, Inc. |

## ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from Sharre Lotfollahi of Kirkland & Ellis, counsel for LivePerson.

| | |
|---|---|
| Dated: February 6, 2018 | O'MELVENY & MYERS LLP<br><br>By*:* /s/ *Geoffrey H. Yost*<br>Geoffrey H. Yost |

# ORDER

1. Documents produced in the Actions by a third party in response to a subpoena under Fed. R. Civ. P. 45 ("third-party documents") shall be presumed authentic within the meaning of Federal Rule of Evidence 901 for the purposes of the Actions only.

2. Neither party will object to the authenticity of the third-party documents for the purposes of the Actions absent good cause. Good cause requires affirmative evidence that a document is not authentic, such as evidence that a document is not what it purports to be, is incomplete (e.g., missing or incomplete pages), or has been modified from the form in which the third party originally produced it.

3. For the purposes of the Actions only, a sworn declaration provided by a third party shall be deemed admissible sworn testimony for the sole purpose of establishing foundational facts regarding the admissibility of the third-party documents and [24]7 and LivePerson documents sent to or received from the third party into evidence, including facts demonstrating the applicability of an exception to the rule against hearsay pursuant to Federal Rule of Evidence 803. Any party seeking to admit such a third party declaration must serve such declaration on the opposing party by May 3, 2018.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: __February 7__, 2018

Honorable Jon S. Tigar
United States District Judge
Northern District of California