| | |
|---|---|
| DARIN W. SNYDER (S. B. #136003) <br> dsnyder@omm.com <br> MARK E. MILLER (S.B. #130200) <br> markmiller@omm.com <br> GEOFFREY H. YOST (S.B. #159687) <br> gyost@omm.com <br> ANNE E. HUFFSMITH (s.b. #236438) <br> ahuffsmith@omm.com <br> ALEXANDER B. PARKER (S.B. #264705) <br> aparker@omm.com <br> O'MELVENY & MYERS LLP <br> Two Embarcadero Center <br> 28th Floor <br> San Francisco, California  94111-3823 <br> Telephone:     +1 415 984 8700 <br> Facsimile:      +1 415 984 8701 <br><br> Attorneys for Plaintiffs <br> [24]7.ai, Inc. and 24/7 Customer International Holdings, Ltd. | MICHAEL W. DE VRIES  (S.B. #211001) <br> michael.devries@kirkland.com <br> SHARRE LOTFOLLAHI  (S.B. #258913) <br> sharre.lotfollahi  @kirkland.com <br> KIRKLAND & ELLIS LLP <br> 333 South Hope Street <br> Los Angeles, CA 90071 <br> Telephone: (213) 680-8400 <br> Facsimile: (213) 680-8500 <br><br> Attorneys for Defendant <br> LivePerson, Inc. |

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| [24]7.ai, Inc. and 24/7 Customer International Holdings, Ltd., <br><br>               Plaintiffs, <br><br>   v. <br><br> LivePerson, Inc., <br><br>               Defendant. | Case No. 3:15-CV-02897-JST (KAW) <br> (Lead Case) <br><br> Case No. 3:15-CV-05585-JST (KAW) <br><br> **STIPULATION AND [PROPOSED] ORDER RE: STAY OF PATENT ACTIONS** |

**STIPULATION**

WHEREAS, in Case Nos. 3:15-CV-02897-JST (KAW) and 3:15-CV-05585-JST (KAW) (the "Patent Actions"), Plaintiffs [24]7.ai, Inc. and 24/7 Customer International Holdings, Ltd. ("[24]7") presently assert infringement of two patents, including U.S. Patent No. 9,077,804 (the "'804 Patent");

WHEREAS, Defendant LivePerson, Inc. ("LivePerson") challenged the validity of the '804 Patent in an *inter partes* review proceeding before the Patent Trial and Appeal Board (IPR2017-00610), and the Board instituted *inter partes* review of claims 1-3, 5, 8, 9, and 16 of the '804 Patent;

WHEREAS, the *inter partes* review could invalidate certain of the asserted claims of the '804 Patent, rendering unnecessary further proceedings on those claims in the Patent Actions;

WHEREAS, the Court's February 8, 2018 Case Management Order (Dkt. No. 178) set the trial date for the Patent Actions to occur after the resolution of post-trial motions in Case No. 3:17-cv-01268-JUST (KAW) (the "Trade Secret Action");

The parties, subject to the approval of the Court, hereby agree and stipulate as follows:

1. Following the close of fact discovery, Case Nos. 3:15-CV-02897-JST (KAW) and 3:15-CV-05585-JST (KAW) shall be stayed. All pending deadlines in the Patent Actions other than the close of fact discovery are vacated, including the following:

   - [24]7 to reduce asserted patent claims in Patent Actions to no more than four claims per patent
   - Opening expert reports in Patent Actions and LivePerson to reduce asserted prior art references to no more than five per patent
   - Rebuttal expert reports in Patent Actions
   - Close of expert discovery
   - Last day to file motion to compel expert discovery
   - Dispositive motion deadline
   - Dispositive motion opposition deadline
   - Dispositive motion reply deadline
   - *Daubert* motion deadline
   - *Daubert* opposition deadline
   - *Daubert* reply deadline
   - Joint pretrial statement due

- In limine motions due
- Pretrial conference
- Parties to deliver three sets of pre-marked exhibits to the Courtroom Deputy
- Trial

2. Upon resolution of post-trial motions in Case No. 3:17-cv-01268-JST (KAW), the Court will lift the stay on the Patent Actions and set a Case Management Conference. The parties shall submit a Joint Case Management Statement and Proposed Order that includes their proposed schedule(s) for [24]7 to amend its selection of asserted claims, LivePerson to select its asserted prior art references, expert reports and discovery, summary judgement motions, and trial in the Patent Actions. Plaintiff [24]7 may amend its selection of asserted claims to assert no more than four claims per asserted patent. [24]7 must select the four claims per asserted patent from the list of asserted claims identified in [24]7's Identification of Asserted Claims, dated September 15, 2016.

**SO STIPULATED.**

| | | |
|---|---|---|
| Dated: February 16, 2018 | | SHARRE LOTFOLLAHI<br>KIRKLAND & ELLIS LLP |

By: /s/ *Sharre Lotfollahi*
  Sharre Lotfollahi

Attorneys for Plaintiff
LivePerson, Inc.

Dated: February 16, 2018   GEOFFREY H. YOST
            O'MELVENY & MYERS LLP

By: /s/ *Geoffrey H. Yost*
  Geoffrey H. Yost

Attorneys for Defendant
[24]7.ai, Inc.

## ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from Sharre Lotfollahi of Kirkland & Ellis, counsel for LivePerson.

Dated: February 16, 2018   O'MELVENY & MYERS LLP

By: /s/ *Geoffrey H. Yost*
  Geoffrey H. Yost

# ORDER

1. Following the close of fact discovery, Case Nos. 3:15-CV-02897-JST (KAW) and 3:15-CV-05585-JST (KAW) shall be stayed. All pending deadlines in the Patent Actions other than the close of fact discovery are vacated, including the following:

   - [24]7 to reduce asserted patent claims in Patent Actions to no more than four claims per patent
   - Opening expert reports in Patent Actions and LivePerson to reduce asserted prior art references to no more than five per patent
   - Rebuttal expert reports in Patent Actions
   - Close of expert discovery
   - Last day to file motion to compel expert discovery
   - Dispositive motion deadline
   - Dispositive motion opposition deadline
   - Dispositive motion reply deadline
   - *Daubert* motion deadline
   - *Daubert* opposition deadline
   - *Daubert* reply deadline
   - Joint pretrial statement due
   - In limine motions due
   - Pretrial conference
   - Parties to deliver three sets of pre-marked exhibits to the Courtroom Deputy
   - Trial

2. Upon resolution of post-trial motions in Case No. 3:17-cv-01268-JST (KAW), the Court will lift the stay on the Patent Actions and set a Case Management Conference. The parties shall submit a Joint Case Management Statement and Proposed Order that includes their proposed schedule(s) for [24]7 to amend its selection of asserted claims, LivePerson to select its asserted prior art references, expert reports and discovery, summary judgement motions, and trial in the Patent Actions. Plaintiff [24]7 may amend its selection of asserted claims to assert no more than four claims per asserted patent. [24]7 must select the four claims per asserted patent from the list of asserted claims identified in [24]7's Identification of Asserted Claims, dated September 15, 2016.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: February 20, 2018

_____
Honorable Jon S. Tigar
United States District Judge
Northern District of California