| | |
|---|---|
| Darin W. Snyder (State Bar No. 136003)<br>dsnyder@omm.com<br>Mark E. Miller (State Bar No. 130200)<br>markmiller@omm.com<br>Geoffrey H. Yost (State Bar No. 159687)<br>gyost@omm.com<br>Alexander B. Parker (State Bar No. 264705)<br>aparker@omm.com<br>Anne E. Huffsmith (Stat Bar No. 236438)<br>ahuffsmith@omm.com<br>O'MELVENY & MYERS LLP<br>Two Embarcadero Center, 28th Floor<br>San Francisco, CA 94111-3823<br>Telephone: (415) 984-8700<br>Facsimile: (415) 984-8701<br><br>*Attorneys for 24/7.ai, INC. and 24/7 CUSTOMER INTERNATIONAL HOLDINGS, LTD.* | Michael W. De Vries (State Bar No. 211001)<br>michael.devries@kirkland.com<br>Sharre S. Lotfollahi (State Bar No. 258913)<br>sharre.lotfollahi@kirkland.com<br>KIRKLAND & ELLIS, LLP<br>333 South Hope Street<br>Los Angeles, CA 90071<br>Telephone: 213-680-8590<br><br>Adam R. Alper (State Bar No. 196834)<br>adam.alper@kirkland.com<br>Robert Nai-Shu Kang (State Bar No. 274389)<br>robert.kang@kirkland.com<br>James W. Beard (State Bar No. 267242)<br>james.beard@kirkland.com<br>KIRKLAND & ELLIS, LLP<br>555 California Street<br>San Francisco, CA 94104<br>Telephone: 415-436-1500<br><br>Joshua L. Simmons (pro hac vice)<br>joshua.simmons@kirkland.com<br>KIRKLAND & ELLIS, LLP<br>601 Lexington Ave.<br>New York, NY 10169<br>Telephone: 212-446-4800<br><br>*Attorneys for LIVEPERSON, INC.* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| [24]7.ai, INC. AND 24/7 CUSTOMER INTERNATIONAL HOLDINGS, LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>LIVEPERSON, INC.,<br><br>Defendant. | Case No. 3:15-CV-02897-JST (KAW) (lead)<br>Case No. 3:15-CV-05585-JST (KAW)<br><br>**STIPULATION AND [PROPOSED] ORDER TO EXTEND DEPOSITION DEADLINE RE: MESSRS. VIJAYARAGHAVAN AND GARIKIPATI** |
| LIVEPERSON, INC.,<br><br>Plaintiff,<br><br>v.<br><br>[24]7.ai, INC.<br><br>Defendant. | Case No. 3:17-CV-01268-JST<br><br>**STIPULATION AND [PROPOSED] ORDER TO EXTEND DEPOSITION DEADLINE RE: MESSRS. VIJAYARAGHAVAN AND GARIKIPATI** |

**STIPULATION AND [PROPOSED] ORDER**

Pursuant to Local Rules 6-1 and 6-2, Defendants [24]7.ai, Inc. and 24/7 Customer International Holdings ("collectively, "[24]7") and Plaintiff LivePerson, Inc. ("LivePerson") (together, the "Parties") hereby respectfully move the Court to issue an order allowing two depositions to be taken after the deadline for the close of fact discovery for deposition, March 16, 2018, in Case Nos. 3:17-cv-01268 ("the Trade Secret Matter"), and 3:15-cv-02897 and 3:15-cv-05585 ("the Patent Action", and collectively with the Trade Secret Action, "the Actions").

WHEREAS, on September 11, 2017 the Parties sought deposition testimony of Ravi Vijayaraghavan and Ravi Garikipati ("the witnesses"), through the Hague Convention on Taking Evidence Abroad, thereby moving for this Court to issue a corresponding Letter of Request (Patent Action ECF 160);

WHEREAS, on September 27, 2017 this Court issued a Letter of Request to the High Court of Karnataka in Bangalore, India (the "Indian Court") requesting authorization for the parties to obtain deposition testimony from the witnesses (Patent Action ECF 162);

WHEREAS, on February 26, 2018, the parties received notification from Sarathi Susheela, the Mediator and Coordinator appointed by the Indian Court to oversee the depositions, of authorization to proceed with live depositions (Exhibit B);

WHEREAS, the parties are currently arranging times for the live depositions with the witnesses, counsel, and Mr. Susheela, but it is apparent that they depositions will not be completed by the current March 16, 2018 deadline for the close of fact discovery for deposition.

WHEREFORE, the Parties agree to the following:

The depositions of Ravi Vijayaraghavan and Ravi Garikipati may take place beyond the current fact discovery deposition cut-off of March 16, 2018, at dates to be approved by Sarathi Susheela, the Indian Court appointed Mediator and Coordinator, and agreed to by the Parties. Depositions of these witnesses may not be conducted after April 30, 2018 absent agreement of the Parties or an order of the Court on a showing of good cause.

The Parties respectfully submit that there is good cause to allow these exceptions to the deadline for close of fact discovery for depositions. These exceptions will have no effect on any deadlines in the Actions or the deadline for completion of other depositions in the Actions. This Stipulation is supported by the Declaration of Darin W. Snyder, filed herewith (Exhibit A).

Respectfully submitted,

Dated: March 12, 2018                          O'MELVENY & MYERS LLP

By:   */s/ Darin S. Snyder*
      Darin W. Snyder

Attorneys for Defendants
24/7.AI, INC. AND 24/7 CUSTOMER
INTERNATIONAL HOLDINGS, LTD.

Dated: March 12, 2018                          KIRKLAND & ELLIS LLP

By:   */s/ Micheal W. De Vries*
      Michael W. De Vries

Attorneys for Plaintiff
LIVEPERSON, INC.

**ATTESTATION**

Pursuant to Local Rule 5-1(i)(3) I hereby attest that concurrence in the filing of this document has been obtained from Michael W. De Vries.

By:     */s/ Darin S. Snyder*
         Darin W. Snyder

Attorneys for Defendant
[24]7.ai, Inc.

**~~[PROPOSED]~~ ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: March 13, 2018

Hon. Jon S. Tigar
United States District Judge